# ERIE RAILROAD COMPANY *v.* ERIE AND WESTERN TRANSPORTATION COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 134.    Argued December 14, 1906.—Decided January 14, 1907.

Admiralty courts, being free to work out their own system and to finish the adjustment of maritime rights, have jurisdiction of an action for contribution for damages paid to third parties as the result of a collision for which both vessels were in fault. The claim is of admiralty origin.

The division of damages in admiralty extends to what one of the vessels pays to the owners of cargo on the other vessel jointly in fault.

The right of division of damages to vessels when both are in fault and the contingent claim to partial indemnity for payment of damage to cargo are separable, and the decree of division in the original suit, the pleadings in which do not set up such claim for indemnity, is not a bar to a subsequent suit brought to enforce it.

142 Fed. Rep. 9, reversed.

THE facts are stated in the opinion.

*Mr. Charles E. Kremer,* with whom *Mr. W. O. Johnson* was on the brief, for petitioner:

The effect of the decision of the Circuit Court of Appeals is to deprive the owner of the *New York* of a clear right to compel the *Conemaugh* to share with it the cargo loss arising out of a collision, which this court found and held to have been due to the joint fault of both vessels.

That each of two vessels held jointly at fault should equally bear the damage resulting from such negligence has been frequently decided and is a rule of damages in admiralty settled beyond all question. *Schooner Catherine* v. *Dickinson,* 17 How. 170; *North Star,* 106 U. S. 17; *Manitoba,* 122 U. S. 97; *The Albert Dumois,* 177 U. S. 240.

Nothing pleaded in this case in the way of limitation of liability under the statutes takes away or limits this rule.

Prior to the decision of the District Court, when it entered a decree on the first mandate in the original case, there was no decided case, and no established practice, that required the filing of a cross libel or petition praying for recoupment, set-off or contribution.

On the contrary in all of the following cases recoupment was allowed without such pleadings. *The Eleonora,* 17 Blatchf. 88; *Leonard* v.~*Whitwell,* 10 Ben. 638; *The C. H. Foster,* 1 Fed. Rep. 733; *Atlantic M. Ins. Co.* v. *Alexander,* 10 Fed. Rep. 279; *The Canima,* 17 Fed. Rep. 271; *The Hercules,* 20 Fed. Rep. 305; *The Job T. Wilson,* 84 Fed. Rep. 149; *The Livingstone,* 104 Fed. Rep. 918; *Albert Dumois,* 177 U. S. 240; *The Manitoba,* 122 U. S. 97.

Recoupment is the right whereby mutual demands which arise out of the same transaction may be adjusted in one action. 25 Am. & Eng. Ency of Law, 547. It is of common-law origin and independent of the statutes of set-off. 4 Minor's Inst., 2d ed., 706; 1 Chitty, Pl. (16 Am. ed.), 595; 31 Am. Rep. 775; 8 Viner's Abr., Title Discount, 556. But it may be

equity early transposed. *Grand L.* v. *Knox*, 20 Missouri, 433; 1 Chitty, Pl. (14 Am. ed.), 568. It applies to common law and equity; also admiralty. *Snow* v. *Caruth*, 1 Sprague, 324; *Nichols* v. *Tremlett*, 1 Sprague, 361.

Upon what is *res adjudicata* as applied to this action, see Van Fleet on Former Adjudications, § 256; *Bulkley* v. *House*, 21 L. R. A. 247; *State Bank* v. *Bartlett*, 114 Missouri, 276; *Kœlsh* v. *Mixer*, 53 Ohio St. 207; *Cottingham* v. *Earl of Shrewsbury*, 3 Hare, 27.

This is a maritime cause of action and therefore within the jurisdiction of the admiralty court. *The Mariska*, 107 Fed. Rep. 989; *The Hudson*, 15 Fed. Rep. 162; *Dupont* v. *Vance*, 19 How. 162; *Wellman* v. *Morse*, 76 Fed. Rep. 573; *Ralli* v. *Troup*, 157 U. S. 400; *The Irrawaddy*, 171 U. S. 187.

*Mr. Harvey D. Goulder* and *Mr. F. S. Masten*, with whom *Mr. S. H. Holding* was on the brief, for respondent:

The libel fails to disclose any ground for the action, other. than that the District Court, the Circuit Court of Appeals and this court refused in the collision case to divide the cargo damage equally between the parties at fault, although plaintiff prayed such action at different times in that cause. If it be the law that they should have done this, the error is not open to correction by independent action in the admiralty.

If petitioner had a definite fixed right under the established law of the admiralty to claim from this defendant an equal division of the damage, or to recoup up to the amount due this defendant, an error was committed in the other case which cannot now be corrected, at least in the admiralty.

The right of contribution proper exists only where two or more persons are jointly, or jointly and severally, liable to a third for the same amount, and one or more are compelled to pay more than a rightful share. It arises in the equity of equality, dictating that a common obligation should be borne equally by all obligated for its payment; that one should not,

as to others equally obligated, be obligated to sustain more than his own share. The doctrine had its origin in equity. *Derig* v. *Winchelsea*, 1 Cox, 318; 3 Pomeroy's Eq., § 1418; Sheldon on Subrogation, § 169; *B. & O. R. R.* v. *Walker*, 45 Ohio St. 577, 589. There is some doubt, under the decisions, whether contribution will be enforced at all as to joint tort-feasors. *Selz* v. *Unna*, 6 Wall. 328; *Chicago City* v. *Robbins*, 2 Black, 418.

But assuming that the right rests in contribution and also that it is immaterial that the element of equal obligation for the damage on account of which it is claimed is wanting, still petitioner has mistaken the forum. A proceeding *in rem* can only be maintained on a maritime contract or tort giving rise to a lien existing at the time the action is brought. If no lien arose, or having arisen has been waived or lost, a proceeding *in rem* will not lie. *The Sabine*, 101 U. S. 384, 388; *The Rock Island Bridge*, 6 Wall. 213, 215. It is not sufficient to support a proceeding *in rem* that the cause be maritime. The further essential element is the continuing existence of a maritime lien. Notwithstanding an original liability may be maritime, and payment may carry with it an implied or express promise or obligation on the part of another to bear the whole or a part of the amount so paid, the new promise or obligation is not maritime so as to be within the jurisdiction of admiralty. *Fox* v. *Patton*, 22 Fed. Rep. 746; *The Centurion*, 1 Ware, 490; *S. C.*, Fed. Cas., 2554.

If the right in an independent proceeding (in a proper case) lies in subrogation, then petitioner must fail in any jurisdiction. Sheldon on Subrogation, 2; *Jackson County* v. *Boylston Ins. Co.*, 139 Massachusetts, 508, 510.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a libel in admiralty brought by the petitioner as successor in corporate identity to the Union Steamboat Company, to recover a part of a sum paid by it to the respondent

as the result of previous admiralty proceedings which came before this court several times. The former proceedings were begun by the respondent, as owner of the propeller *Conemaugh* and bailee of her cargo, to recover for damages to both by a collision between her and the propeller *New York*. After hearings below, 53 Fed. Rep, 553, 82 Fed. Rep. 819, 86 Fed. Rep. 814, it was decided by this court, on certiorari, that both vessels were in fault, and that the representatives of the cargo could recover their whole damages from the *New York*. *The New York*, 175 U. S. 187. Thereupon the District Court entered a decree dividing the damages sustained by the steamers, requiring the *New York* to pay to the *Conemaugh* on that account $13,083.33 and interest, and further required it to pay all the damages to the cargo of the latter—the insurers on cargo who had intervened receiving their share, and the *Conemaugh* receiving the residue as trustee. The owners of the *New York* then applied to this court for a mandamus directing the District Court to divide the damages to cargo. This was denied on the ground that if the court below erred the remedy was by appeal. *Ex parte Union Steamboat Company*, 178 U. S. 317. Upon that intimation an appeal was taken to the Circuit Court of Appeals for the Sixth Circuit and after a motion to dismiss had been denied, 104 Fed. Rep. 561, the decree was affirmed. 108 Fed. Rep. 102. On a second certiorari that decree was affirmed by this court. *The Conemaugh*, 189 U. S. 363. The *New York* paid the damages and brought this suit.

The ground of the last-mentioned decree was that the claim of the *New York* was not open, and the Circuit Court of Appeals denied leave to amend the pleadings for the reason that the petitioner would be left free to assert its claim in an independent proceeding. 108 Fed. Rep. 107. In the present case the District Court followed this expression of the Circuit Court of Appeals, and made a decree giving the petitioner one-half of the damages paid by it on account of cargo. The Circuit Court of Appeals for the Seventh Circuit, however,

before which the present case came on appeal, held that the whole matter was *res judicata* by the final decree in the former cause, and ordered the libel dismissed. 142 Fed. Rep. 9. Thereupon a third certiorari was granted by this court, and the record is now before us.

The respondent set up three defenses, below and here. It argued that there was no jurisdiction in admiralty over the claim in its present form, that the petitioner had no case upon the merits, and that it was concluded by the former decree. The Circuit Court of Appeals decided against the first two points before sustaining the third. We shall take them up in their order. The jurisdiction appears to us tolerably plain. If it be assumed that the right to contribution is an incident of the joint liability in admiralty, and is not *res judicata*, it would be a mere historical anomaly if the admiralty courts were not free to work out their own system and to finish the adjustment of maritime rights and liabilities. Indeed we imagine that this would not have been denied very strenuously had the question been raised by proper pleadings in connection with the original suit. But if the right is not barred by the former decree, it would be still more anomalous to send the parties to a different tribunal to secure that right at this stage. For the decree was correct as far as it went, and, by the hypothesis, might stop where it did without impairing the claim to contribution. That claim is of admiralty origin and must be satisfied before complete justice is done. It cannot be that because the admiralty has carried out a part of its theory of justice it is prevented by that fact alone from carrying out the rest. See *The Mariska*, 107 Fed. Rep. 989.

On the merits also we have no great difficulty. The rule of the common law, even, that there is no contribution between wrongdoers is subject to exception. Pollock, Torts, 7th ed., 195, 196. Whatever its origin, the admiralty rule in this country is well known to be the other way. *The North Star*, 106 U. S. 17; *The Sterling and The Equator*, 106 U. S. 647; Adm. Rule, 59. Compare *The Frankland* L. R. Probate, [1901], 161.

And it is established, as it logically follows, that the division of damages extends to what one of the parties pays to the owners of cargo on board the other. *The Chattahoochee,* 173 U. S. 540. The right to the division of the latter element does not stand on subrogation but arises directly from the tort. The liability of the *New York* under our practice for all the damage to cargo was one of the consequences plainly to be foreseen, and since the *Conemaugh* was answerable to the *New York* as a partial cause of the tort, its responsibility extended to all the manifest consequences for which, on the general ground that they were manifest, the *New York* could be held. Therefore the contract relations between the *Conemaugh* and her cargo have nothing to do with the case. See *The Chattahoochee,* 173 U. S. 540. More specifically, the last-named vessel's liability to the *New York* is not affected by provisions in the *Conemaugh's* bills of lading giving her the benefit of insurance and requiring notice of any claim for damage to be made in writing within thirty days, and suit to be brought within three months.

It only remains then to consider whether the petitioner is concluded by the former decree. If the liability of the *Conemaugh* arises, as we have said, out of the tort, then it is said to follow that the *New York* either is attempting to split up its cause of action or to recover in excess of a decree covering the case. It is true that the *New York* was the defendant in the former suit, but the damage to the *New York* was allowed for in the division. If the allowance was by way of recoupment, then it may be said that the *New York,* by asserting a counterclaim for its damages, bound itself to present its whole claim to the same extent as if it had brought the suit; at least until it had neutralized the claim made against it in the *Conemaugh's* own right. If the allowance was because division is the very form and condition of any claim for damage to vessels in case of mutual fault, *The North Star,* 106 U. S. 17; *Stoomvaart Maatschappy Nederland* v. *Peninsular & Oriental Steam Navigation Co.,* 7 App. Cas. 795, 801, 806, and the mutual rights

cancel each other *pro tanto* as they arise, just as in an account current, as distinguished from set-off, then it might be contended that the claim in respect of the payment of damage to cargo is an item in the same account with the one for damage to the ship, and that a decree as to one involves a disposition of the other, and makes the whole matter *res judicata.* See *The Manitoba,* 122 U. S. 97, 111.

But whatever be the technical theory, the right of a defendant to a division of the damage to the vessels when both are in fault, and its contingent claim to partial indemnity for payment of damage to cargo, must be separable from the necessity of the case. To illustrate. Suppose, in a cause of collision, one vessel to be sued for damage to the other vessel alone. It could not set up the possibility that the cargo owners might sue, some time within six years, and suspend the decree on the ground that otherwise the defendant might be barred from demanding indemnity in case the cargo owners should sue and succeed. If cargo owners should sue one or the other vessel after a division of the damages to the vessels themselves, it must be that the libellee would be free to require the other to exonerate or indemnify it to the same extent as if no such division had taken place. It would be impossible to do justice otherwise. As to the English law see *Stoomvaart Maatschappy Nederland* v. *Peninsular & Oriental Steam Navigation Co.,* 7 App. Cas. 795, 806.

If we are right, then this is a strong case for holding that the petitioner is not barred. It stands adjudicated that its pleadings did not open its present claim. They could not have done so, because at that stage the petitioner not having paid, it had no claim for indemnity, but only for exoneration. It was not bound to adopt the procedure permitted to it by Rule 59. It did ask leave to amend so as to protect its rights, but was met by the argument of the respondent and the opinion of the Circuit Court of Appeals that it could bring a new suit. This court said the same thing in affirming the decree against the *New York.* "If, as between her and the *Conemaugh,*

she have a claim for recoupment, the way is open to recover it." 189 U. S. 368. The same proposition was implied in *The Juniata*, 93 U. S. 337, 340. Every consideration leads us to adhere to this statement in the circumstances of the case at bar.

> *Decree of Circuit Court of Appeals reversed.*
> *Decree of District Court affirmed.*