THE COCKATOO.
THE WILLIAM E. REED.

THE GOODWIN–GALLAGHER NO. 14.
THE WILLIAM G. HOWARD.

THE MAPLE HILL.

THE THOMAS J. HOWARD.

RANDALL & McALLISTER v. GOODWIN–
GALLAGHER SAND & GRAVEL
CORPORATION.

SAME v. HOWARD.

No. 382.

Circuit Court of Appeals, Second Circuit.

Aug. 23, 1932.

Burnham, Bigham, Gould & Murphy, of Boston, Mass., and Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Foye M. Murphy and Miles Wambaugh, both of Boston, Mass., of counsel), for Randall & McAllister.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for Goodwin-Gallagher Sand & Gravel Corporation.

Purdy & Purdy, of New York City (Edmund F. Lamb, of New York City, of counsel), for Thomas J. Howard.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

All parties had the opportunity of introducing such proof as they wished during the trial before Judge Goddard. They entered into the stipulation we have quoted and reserved no questions for future adjudication except as to the amount of damages. Under such circumstances we find no basis for Howard's contention that he was deprived of his defense under the Harter Act. Discussions or understandings between proctors cannot supplant the formal stipulation. Besides Howard was not deprived of any right under the Harter Act for, in the circumstances, that act was not available as a defense against the right of recovery given Randall & McAllister by the decree of Judge Goddard. That doubtless was why the experienced proctor who first represented him offered no evidence in support of the defense.

At the trial of the Jacobus suit the court found that the Goodwin-Gallagher tug and the Howard tug were both at fault and were joint tort-feasors. By reason of the stipulation, this finding established their fault in the Randall-McAllister suit, now on appeal. In such a situation Randall-McAllister, as owner of the cargo on the Maple Hill had a right to collect full damages from Goodwin-Gallagher, the owner of the noncarrying vessel and Goodwin-Gallagher to obtain contribution from the tug Howard and her owner Thomas J. Howard, who were joint tort-feasors for half of the amount it had had to pay. The above follows from the decisions of the Supreme Court in The Chattahoochee, 173 U. S. 540, 19 S. Ct. 491, 43 L. Ed. 801, and Erie R. R. Co. v. Erie Transportation Co., 204 U. S. 220, 27 S. Ct. 246, 51 L. Ed. 450. In The Chattahoochee it was held to make no difference that allowance of contribution deprived the carrying vessel of the immunity from cargo damage claims granted such a vessel by section 3 of the Harter Act (46 USCA § 192), which provides that the owners of a seaworthy vessel "transporting merchandise" shall not be liable in any amount "for damage or loss resulting from faults or errors in navigation."

The Chattahoochee, an American steamer, collided with the Golden Rule, a schooner. The schooner with her cargo was sunk, but The Chattahoochee was uninjured. Both vessels were held in fault for immoderate speed in a dense fog. The libelants, as bailees of the cargo on the Golden Rule, were held entitled to recover from the steamer the entire value of the cargo, and the latter was allowed to recoup one-half of this amount from one-half of the damages suffered by the schooner. In the case at bar it was contended on behalf of the Howard that The Chattahoochee had recovered half of the damages to the cargo from the half damages due from her to the

carrying vessel only by way of recoupment and that the rule of The Chattahoochee ought not to be extended to a situation like the present where no right of recoupment exists. There was no hull damage to the Howard, and so there was no fund from which Goodwin-Gallagher could recoup one-half of its liability to the cargo. Because of this distinction between the present suit and The Chattahoochee, it is argued that the Howard is immune from any claim by its cargo and can invoke full protection under the Harter Act.

But, if the doctrine of The Chattahoochee is to be logically applied, Goodwin-Gallagher may assert its claim against Howard for contribution affirmatively as it might have done by way of recoupment if Howard had had a claim against Goodwin-Gallagher for hull damage. The Supreme Court did this very thing in Erie R. R. Co. v. Erie Transportation Co., 204 U. S. at page 226, 27 S. Ct. 246, 247, 51 L. Ed. 450. Justice Holmes, who delivered the opinion, said that, where cargo suffers loss from a joint tort, the right of the wrongdoers to a division of damages "extends to what one of the parties pays to the owners of cargo on board the other. The Chattahoochee, 173 U. S. 540, 19 S. Ct. 491, 43 L. Ed. 801. The right * * * does not stand on subrogation but, arises directly from the tort." He added that the liability of the carrying vessel was not affected by any provisions in her bills of lading giving her the benefit of insurance and requiring notice of any claim for damages to be made within thirty days in writing; and he accordingly allowed an affirmative recovery by the noncarrying vessel against the carrying vessel for half the cargo damage. While a defense under the Harter Act was not involved in that suit, the clauses in the bills of lading issued by the carrying vessel which protected her from cargo claims and gave her the benefit of shipper's insurance were held to afford no defense to a suit by the noncarrying vessel based on the right to recover half damages by way of contribution.

In reason it can make no difference whether the noncarrying vessel recoups itself out of money due from the carrying vessel as was done in The Chattahoochee or recovers the amount of contribution affirmatively as in Erie R. R. Co. v. Erie Transportation Co. In either case the property of the noncarrying vessel is used to liquidate one-half the claim of the cargo, and by either mode of satisfying the claim the carrying vessel is subjected (whether directly or not) to liability for one-half the damages suffered by the cargo.

■ Nor can it make any difference whether the cargo recovers its full claim against the noncarrying vessel and she recovers half against the carrying vessel, or whether, as here, the court decrees that the cargo recover half damages against each vessel. The decree provided that any balance of half the amount of damages which the cargo might not be able to collect from either vessel it might collect against the other. To the extent that the carrying vessel might be compelled under this provision to pay more than half damages, this decree was inadvertent; but, as Goodwin-Gallagher is stated to have paid its one-half share, the point is moot.

The liability to contribute imposed under the rule of The Chattahoochee and further extended by Erie R. R. Co. v. Erie Transportation Co., originates in the law of torts as applied by the maritime law, and is not affected by the terms of the Harter Act. If it were not for The Chattahochee and subsequent decisions, the present issues might be doubtful, but, in view of those decisions, there seems to be no question about the correctness of Judge Goddard's disposition of the case.

■ A single decree might have been entered in the consolidated case after the trial, but that was unnecessary, and the separate decrees actually entered were within the discretion of the trial court. Toledo Railroad v. Continental Trust Co. (C. C. A.) 95 F. 497, at page 506. Cf. Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 12 S. Ct. 909, 36 L. Ed. 706.

Decree affirmed, with costs to appellee.