### FYFE et al. v. PAN–ATLANTIC S. S. CORPORATION.

District Court, S. D. New York.

Jan. 3, 1941.

Bigham, Englar, Jones & Houston, of New York City (John W. R. Zisgen, of New York City, of counsel), for libellants.

Barber, Matters & Gay, of New York City (Russell C. Gay and Sherwood E. Silliman, both of New York City, of counsel), for respondent.

LEIBELL, District Judge.

Respondent, Pan-Atlantic Steamship Corporation, moves for an order permitting it to join Barber Wilhelmsen Line and Wilhelm Wilhelmsen as respondents under Rule 56 of the Admiralty Rules promulgated by the United States Supreme Court, 28 U.S.C.A. following section 723. If this motion had been made at some earlier stage in this proceeding I would have granted it. I am of the opinion that it comes so late that, in the proper exercise of the Court's discretion, it should be denied.

A recital of the various steps taken in this litigation is set forth in the motion papers herein and need not be repeated in this memorandum. It suffices to say that both the Barber Wilhelmsen Line and Wilhelm Wilhelmsen were originally named in the libel as respondents, together with Manhattan Lighterage Company and Pan-Atlantic Steamship Corporation. On exceptions to the libel, the District Court entered an order dismissing the libel as to Barber-Wilhelmsen Line and Wilhelm Wilhelmsen on March 29, 1938. The grounds for the dismissal were that the Manhattan Lighterage Corporation was a connecting carrier and that the initial carrier, Barber Wil-

helmsen Line, was not liable for the negligence of a connecting carrier, in view of the provisions of the contract of carriage. No appeal was taken from that order and no amended libel was served. In limitation proceedings brought by Manhattan Lighterage Company a final decree was entered March 31, 1939, and it was adjudged that said petitioner was entitled to exoneration from liability. The main suit against the remaining respondent, Pan-Atlantic Steamship Corporation, came on for trial before me in November 1939 and on January 13, 1940, an interlocutory decree was entered in favor of libellants and against said respondent. An appeal was taken to the Circuit Court of Appeals where the interlocutory decree was affirmed, July 15, 1940. Fyfe et al. v. Pan-Atlantic S. S. Corporation, 2 Cir., 114 F.2d 72. A petition for a writ of certiorari was denied by the United States Supreme Court December 9, 1940, 61 S.Ct. 319, 85 L.Ed. —.

On the trial of the libel against Pan-Atlantic Steamship Corporation I held that "* * * Manhattan Lighterage Corporation was the agent of both the Barber-Wilhelmsen Line and the Pan-Atlantic in performing part of the work required to accomplish the transshipment. Pan-Atlantic at the request of Barber-Wilhelmsen Line made the arrangement for the lighterage with the Manhattan Lighterage Corporation. Under the agreement between Barber-Wilhelmsen Line and Pan-Atlantic either could arrange the transfer and the cost was to be apportioned between them." I also held: "From the facts in this case it appears that both the original carrier and the on-carrier undertook to perform the transshipment at the Port of New York referred to in the through bill of lading and, in my opinion, regardless of any provision in the through bill of lading exempting them from any liability other than as a forwarder for the transshipment stage of the carriage, they both would be liable for the negligence of the lighter's crew resulting in the damage to the cargo."

The Circuit Court of Appeals [114 F.2d 75], in affirming the decision of the District Court stated: "This finding of agency, so far as it indicates a liability, not only of Manhattan, but also of Barber-Wilhelmsen, is not in harmony with the theory upon which the latter concern succeeded in obtaining a dismissal of the libel as to it. The order of dismissal, signed by another district judge, was accompanied by an opinion stating that Manhattan was a connecting carrier (for whose negligence the initial carrier was not responsible), rather than an agent of the two main carriers. That ruling was made on the basis of the libel alone, wherein it was alleged that the goods were delivered in good condition into Manhattan's possession and while there were injured through Manhattan's negligence. It thus appears to have been a proper construction of the situation as revealed by the pleading then before the court. But the facts adduced at the trial showed a different situation from that indicated by the libel, and substantiated the finding of agency made below."

In the concluding paragraph of his affidavit on this motion the attorney for Pan-Atlantic Steamship Corporation argues: "Rule 56 provides a remedy at any time during the course of the proceeding to bring in a third party where one of the parties has a remedy over, contribution or otherwise, growing out of the matter that is the basis of the cause of action. Subsequent to the dismissal of the libel as to Barber-Wilhelmsen Line and Wilhelm Wilhelmsen, both Courts have found that Barber-Wilhelmsen Line, the initial carrier and Pan-Atlantic Steamship Corporation, the on-carrier, were engaged in a 'joint enterprise, with respect to libelants' damaged merchandise and that the profits of the carriage were to be shared on the basis of 60% to Barber-Wilhelmsen Line and 40% to Pan-Atlantic Steamship Corporation. Consequently, Barber-Wilhelmsen Line and Wilhelm Wilhelmsen as a joint principal should now be joined as respondents under the 56th Admiralty Rule and the respondent, Pan-Atlantic Steamship Corporation, prays that this Honorable Court may allow said respondent to bring in Barber-Wilhelmsen Line and Wilhelm Wilhelmsen by petition, on oath, pursuant to the 56th Admiralty Rule."

Pan-Atlantic Steamship Corporation may assert its claim for contribution in an independent proceeding. In Erie R. Co. v. Erie & W. Transp. Co., 204 U.S. 220, 27 S.Ct. 246, 248, 51 L.Ed. 450, Mr. Justice Holmes, writing for the Court, stated: "If we are right, then this is a strong case for holding that the petitioner is not barred. It stands adjudicated that its pleadings did not open its present claim. They could not have done so, because, at that stage, the petitioner not having paid, it had no

claim for indemnity, but only for exoneration. It was not bound to adopt the procedure permitted to it by rule 59. It did ask leave to amend so as to protect its rights, but was met by the argument of the respondent and the opinion of the circuit court of appeals [7 Cir., 142 F. 9] that it could bring a new suit. This court said the same thing in affirming the decree against the New York. 'If, as between her and the Conemaugh, she have a claim for recoupment, the way is open to recover it.' [Union Steamboat Co. v. Erie & W. Transp. Co.], 189 U.S. [363], 368, 23 S.Ct. 504, 47 L.Ed. [854] 857. The same proposition was implied in The Juniata (United States v. Juniata), 93 U.S. 337, 340, 23 L. Ed. 930, 931. Every consideration leads us to adhere to this statement in the circumstances of the case at bar."

In The Ruth, 186 F. 87, where a petition was made by a respondent for process to bring in another vessel as a respondent, after the decision of the trial court had been announced and before the entry of the decree, the Ninth Circuit held that although the trial court had the power to entertain the petition at that time, it was no abuse of discretion to deny the petition under the circumstances.

Respondent's brief cites Soderberg v. Atlantic Lighterage Corp., 2 Cir., 19 F.2d. 286, and The Thomas F. O'Brien, D. C., 26 F.2d 674, but in both those cases the petition under Rule 56 was filed with the respondent's answer. In The City of Boston, D. C., 182 F. 171, the petition to bring in the other vessel was granted by the District Court after the Circuit Court of Appeals had decided that both vessels were in fault. However, I feel that the more equitable course is that which will prevent any further delay in the payment of libellants' claims. They are entitled to be paid by this respondent. All the courts have so held. The amount can be either stipulated or determined by the Special Commissioner. Barber-Wilhelmsen Line is a Norwegian corporation and Wilhelm Wilhelmsen is a Norwegian. Further difficulties may be added to this litigation by reason of the nationality of these two proposed respondents. There is no reason why the libellants should be further delayed by the situation that may be thus created.

Pan-Atlantic Steamship Corporation will not be prejudiced by said payment in asserting its claim for contribution from Barber-Wilhelmsen Line and Wilhelm Wilhelmsen in an independent suit. Under the circumstances here presented that is the proper course to follow. Respondent's motion is accordingly denied.