45 F.Supp. 174 (1942)
THE TAMPICO.
MULDREW
v.
W. E. HEDGER TRANSP. CORPORATION.
W. E. HEDGER TRANSP. CORPORATION
v.
THE TAMPICO et al.
No. 2098.
District Court, W. D. New York.
April 8, 1942.
*175 Desmond & Drury, of Buffalo, N. Y. for libellant.
Brown, Ely & Richards, of Buffalo, N. Y., for respondent W. E. Hedger Transp. Corporation.
Burke & Burke, of Buffalo, N. Y., for respondent Nicholson Transit Co.
BURKE, District Judge.
Libellant, a stevedore employed by Nicholson Transit Company, owner of the steamer Tampico, was injured while he was engaged in the hold of the barge American Soldier in transferring a cargo of sulphur from the barge to the Tampico. He brought this libel to recover damages against W. E. Hedger Transportation Corporation, owner of the barge, charging that the barge was in a defective and dangerous condition. Upon the petition of Hedger under Admiralty Rule 56, 28 U.S.C.A. following section 723, the steamer Tampico and the Nicholson Transit Company were impleaded. In the petition Hedger claimed the right to contribution from Nicholson for any recovery by the libellant on the ground of the negligence of the Tampico and her owner in the operation of the clam-shell bucket used by the Tampico in transferring the cargo.
The evidence establishes that libellant's injuries were caused by the defective condition of one of the A-frames of the barge and the concurring negligence of the signal man, the foreman and the crane operator, all employees of Nicholson.
The fellow-servant rule is not available to Nicholson to absolve it from responsibility for the negligence of its employees, fellow-servants of the libellant. Although available as a defense to an employer in suits under the maritime law prior to the enactment of the Jones Act, 46 U.S.C.A. § 688, that act changed the policy of the maritime law as to suits by seamen to recover damages for injuries sustained in the course of their employment. Panama Railroad Co. v. Johnson, 264 U.S. 375, 388, 44 S.Ct. 391, 68 L.Ed. 748; Uravic v. F. Jarka Co., 282 U.S. 234, 240, 51 S.Ct. 111, 75 L.Ed. 312; Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98. Stevedores are included in the term seamen within the meaning of the statute. International Stevedoring Company v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157.
The libellant being free from fault is entitled to recover from Hedger, who by its negligence contributed to libellant's injuries, to the full extent of his damages. The Hamilton, 207 U.S. 398, 406, 28 S.Ct. 133, 52 L.Ed. 264; The Atlas, 93 U.S. 302, 23 L.Ed. 863. Nicholson's liability to Hedger must be decided in accordance with the admiralty principle of the right to contribution between wrongdoers. Analogies attempted to be drawn from other sources are without persuasive force. "The rule of the common law, even, that there is no contribution between wrongdoers, is subject to exception. [citation] Whatever its origin, the admiralty rule in this country is well known to be the other way. [citations] * * *". Erie R. R. Co. v. Erie Transportation Co., 204 U.S. 220, 225, 27 S.Ct. 246, 247, 51 L.Ed. 450. Nicholson having secured the payment to its employees of compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., is immune from suits for damages resulting from libellant's injuries brought by the libellant or anyone in his right, according to the provision of Section 905 of the Act. But the right in admiralty to contribution between wrongdoers does not stand on subrogation but arises directly from the tort. Erie R. R. Co. v. Erie Transportation Co., supra, 204 U.S. page 226, 27 S.Ct. 246, 51 L.Ed. 450. The immunity given Nicholson by the statute from suits arising out of libellant's injuries furnishes no defense against Hedger's *176 claim to contribution as between joint tort feasors. Briggs v. Day, D.C., 21 F. 727, 730. In reason and principle decisions in collision cases, where under the Harter Act, 46 U.S.C.A. § 192, the owner of a seaworthy vessel is relieved of liability to its own cargo, seem to point the way for upholding the right to contribution in the instant case. See Aktieselskabet Cuzco v. The Sucarseco et al., 294 U.S. 394, 400, 55 S.Ct. 467, 79 L.Ed. 942, and cases cited.
Decree for libellant against W. E. Hedger Transportation Corporation for the full amount of libellant's damages viz., $1,200. The decree shall provide that W. E. Hedger Transportation Corporation shall have contribution from Nicholson Transit Company for one-half the amount so paid.