LARRY BARBARA, Plaintiff, v. STEPHEN RANSOM, INC., Defendant and Third Party Plaintiff, et al., Defendant. ROBERT BANKS, SR., et al., Doing Business as ROBERT BANKS & Co., et al., Third Party Defendants.

Supreme Court, Special Term, Kings County, January 12, 1948.

*Samuel J. Moskowitz* for plaintiff.

*John P. Smith* and *Joseph A. Minch* for Stephen Ransom, Inc., defendant and third party plaintiff.

*Daniel Miner* and *T. Carlyle Jones* for Vallone Contracting Co., Inc., third party defendant.

FROESSEL, J. Motion by defendant Stephen Ransom, Inc., (hereinafter referred to as " Ransom "), to strike from the answer of the impleaded defendant Vallone Contracting Co., Inc. (hereinafter referred to as " Vallone "), as legally insufficient on its face, the separate defense embraced in paragraphs " Third " to " Tenth " inclusive.

The pleadings disclose that plaintiff brought this action against Ransom to recover damages for injuries allegedly sustained by him on July 24, 1944, while working in hold No. 5 of the " S. S. Charles A. Warfield " which was then in navigable waters at Pier K, Weehawken, New Jersey. Ransom, which had entered into a contract with the United States to perform certain work on this ship impleaded, as third party defendants, pursuant to section 193–a of the Civil Practice Act, Robert Banks & Co., (hereinafter referred to as " Banks "), subcontractors who agreed to furnish riggers to operate the winches and hoists, and Vallone, the subcontractor who was to furnish and install sheathing in the holds. In its pleading, embracing among other things a third party complaint against the defendant Vallone, Ransom alleged that if the plaintiff was injured " by reason of any negligence other than his own, then such injuries and damages were caused by or resulted from the use by the third-party defendant Vallone Contracting Co. Inc., it's [*sic*] servants, agents and/or employees of the hoists and winches of the afore-

said vessel and in allowing and permitting the tunnel shaft of said vessel to be, remain and continue in an unsafe, dangerous, littered, slippery, dirty, defective, negligent and careless condition and in causing plaintiff to be thrown upon said slippery portion of said shaft tunnel rendered so by the litter, dirt and other substances caused and permitted to remain and accumulate thereon, and in causing and permitting lumber to be lowered into the hold where the conditions complained of by plaintiff existed and in the manner in which the third party defendant Vallone Contracting Co. Inc., by its servants, agents and/or employees caused and permitted the hoists, winches, devices, instrumentalities and other appliances used in connection with such hoisting operations to be operated in a negligent and careless manner and not a proper and reasonably safe manner and in failing and neglecting to utilize the usual and regular method in performing said work and in failing to give the necessary signal or warning while engaged in such hoisting operations and in failing to do the said work and operate the said machinery in a proper and reasonably safe manner and without any negligence or active participation therein on the part of the third-party plaintiff, Stephen Ransom, Inc.''; and that by reason thereof Vallone will be liable as indemnitor to Ransom for any damages which it may be required to pay to the plaintiff.

In its answer thereto, Vallone alleged, as a separate defense, its compliance with the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*), and that by virtue of section 5 of that act (U. S. Code, tit. 33, § 905) plaintiff's exclusive remedy against Vallone is his claim for compensation, and that the latter cannot be required to indemnify Ransom or to contribute to any damages recovered by the plaintiff. It is this separate defense which Ransom now moves to strike out as legally insufficient on its face.

It is virtually undisputed that this defense would be insufficient under New York law. (*Westchester Lighting Co.* v. *Westchester Co. Small Estates Corp.*, 278 N. Y. 175; *Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658.) Vallone contends, however, that these cases are not applicable because they arose out of nonmaritime torts, and that maritime actions, whether brought in a State or Federal court, are governed by Federal law. While this may be true as between the plaintiff and the defendant Ransom (*Robins Dry Dock Co.* v. *Dahl*, 266 U. S. 449; *Riley* v. *Agwilines, Inc.*, 296 N. Y. 402), there is grave doubt, to say the least, whether it applies with respect to indemnification as between Ransom and Vallone. (See *Just* v. *Chambers*, 312 U. S. 383; *Erie R. R. Co.* v. *Tompkins*, 304 U. S. 64, 78.)

In any event the Federal rule is the same as the New York rule. While the remedy afforded by the Longshoremen's Compensation Act is exclusive as between employer and employee, it does not nullify or alter the workman's rights as against third parties. (*Seas Shipping Co.* v. *Sieracki,* 328 U. S. 85, 102.) Nor does it bar the third party thus sued from recovering from the workman's employer damages such party is required to pay to the employee by reason of the employer's negligence. (*Green* v. *War Shipping Administration,* 66 F. Supp. 393, 395; *Severn* v. *United States,* 69 F. Supp. 21; *Benevento* v. *United States,* 68 F. Supp. 347; all maritime cases involving indemnification. See, also, *The Tampico,* 45 F. Supp. 174, a maritime case involving contribution.) The compensation act does not pretend to relieve an employer of all liability, but only of liability to his employees. Where a third party has been called upon to respond in damages because of the employer's primary negligence, the act does not protect the employer against the third party's right to indemnity. As was said in *Severn* v. *United States* (*supra,* p. 22): "The Longshoremen's and Harbor Workers' Compensation Act provides for the exclusive duties, rights and relief as between employer and employee, but this does not prevent a third party, a shipowner, from suing the employer as indemnitor for damages the shipowner may be required to pay the employee as a result of the negligence of such employer." (Citing *Burris* v. *American Chicle Co.,* 120 F. 2d 218, as well as cases above cited.)

Counsel for Vallone places considerable reliance on the following dicta in the case in the Circuit Court of Appeals of *Porello* v. *United States* (153 F. 2d, 605, 607, revd. in part *sub nom. American Stevedores, Inc.,* v. *Porello,* 330 U. S. 446). This statement reads: "For a right of contribution to accrue between tort-feasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. A. L. I. Restitution § 86; 13 Am. Jur., Contribution § 51. Since the libellant has no cause of action against his employer, the United States can claim no contribution on the theory of a common liability which it has been compelled to pay."

Aside from the fact that this language is dicta, it is to be noted that it deals with *contribution,* not with indemnity. Here is a manifest distinction, though at times lost sight of, between suits in contribution and suits in indemnity. In this connection, the United States Court of Appeals for the District of Columbia in *George's Radio, Inc.,* v. *Capital Transit Co.* (126 F. 2d 219), said at page 222: "For, as is often said, the latter implies

a primary or basic liability in one person, though a second is also liable with the first to a third. In such a case the discharge of the obligation by the second person leaves him with a right to secure compensation from the one who, as between themselves, is primarily liable. \* \* \* The difference between indemnity and contribution — in cases between persons liable for a wrong — is that in the former the law implies an agreement or obligation and enforces a duty on the primary or principal wrongdoer to respond for all the damages, whereas in the latter, there is no agreement, express or implied, but a common burden in which the parties stand in equali juri and which in equity and good conscience should be equally borne. This maxim has its parallel in the admiralty rule of ' general average ' ''. (See, also, *Standard Oil Co.* v. *Robins Dry Dock & Repair Co.*, 32 F. 2d 182, 184, where the Circuit Court of Appeals pointed out the distinctions '' between primary and secondary negligence — between faults of commission and omission.'') Moreover, indemnification was actually allowed in the *Porello* case (*supra*), although the Supreme Court of the United States remanded the case to the District Court for determination of the meaning of the contract. In the case at bar Ransom seeks indemnity and not contribution, and thus the question of contribution is not before the court at this time. (In this connection, see *The Tampico, supra; The S. S. Samovar*, 72 F. Supp. 574, 588.)

In the light of the foregoing, I am constrained to conclude that the separate defense challenged is insufficient in the instant case, and the motion to strike it from Vallone's answer is granted. Settle order on notice.