**LO BUE v. UNITED STATES et al.**

No. 179–22.

United States District Court
E. D. New York.
June 20, 1950.

Wainwright, Thacher & Symmers, New York City, of counsel.

John P. Smith, New York City, Proctor for Respondent-Impleaded, Bigham, Englar, Jones & Houston, New York City, of counsel, by John L. Quinlan, New York City.

GALSTON, District Judge.

There remains for decision the issues raised between respondent and the respondent-impleaded, see Lo Bue v. United States, D. C., 75 F.Supp. 154, 156, in which it was said: "After the trial had been concluded, and while this opinion was being drafted, the respondent moved to amend its impleading petition in order to develop fully its right of indemnity under the contract between the respondent and the respondent-impleaded. I am about to grant that motion in view of American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L. Ed. 1011, so as to enable parties to the contract to clear up any ambiguity in the indemnifying clause. On the filing of such depositions as may be taken, a supplemental decree will be entered herein determining the relative rights of the parties to that contract."

Apparently since the decision in American Stevedores v. Porello, supra, nothing was done, of record at least, to clear up any ambiguity in the interpretation of the indemnifying clause of the contract between the parties.

The respondent seeks reimbursement from the respondent-impleaded for the damages and expenses it has incurred on account of the negligence of the respondent-impleaded in unloading slag ballast in connection with the S. S. Bernard Rodman. In the appeal which was taken in the main case, that issue not having been disposed of by the trial court, because the parties had requested the opportunity to submit evidence in respect thereto and had failed to do so before the appeal was taken, was referred to the district court for determination, 2 Cir., 178 F.2d 528, 532.

Jarka Corporation had complied with the required provisions of the Longshoremen's and Harbor Workers' Compensation Act as amended, 33 U.S.C.A. § 901 et seq.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Proctor for Respondent, by Leavenworth Colby, Special Assistant to the Attorney General, Barry,

Its only liability to Lo Bue was that provided in that statute, 33 U.S.C.A. § 905, Rich v. United States, 2 Cir., 177 F.2d 688; Benevento v. United States, 2 Cir., 160 F.2d 487, 489, and Lo Bue v. United States, supra.

As Judge Chase says in his opinion, Lo Bue elected to sue a third party, and brought this suit against the United States pursuant to the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781 et seq., to recover damages for his injuries from the respondent—not the respondent-impleaded.

The petition of the respondent, as amended, sets forth three causes of action for recover over. The first is for indemnity under the General Maritime Law; the second cause of action is based on the alleged breach by the respondent-impleaded of its agreement under the warshipsteve contract to perform its work "in accordance with the best operating practices, to furnish its best skill and judgment in planning, supervising and performing the work, and to furnish efficient * * * superintendence in performing the work"; and the third is based upon paragraph 8 of Part II of the warshipsteve contract, claiming indemnity thereunder on the ground that the injuries sustained by the libellant resulted from the negligence of the respondent-impleaded.

As to the first cause of action, respondent cites Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S. Ct. 564, 40 L.Ed. 712. The District of Columbia as a municipality had been held liable for injuries to a pedestrian, caused when she stepped into an open gas box placed in the street by the Gas Light Company. It was the company's duty to maintain and repair the gas box. The Supreme Court allowed the District to recover indemnity for the amount that it had been obliged to pay. The court recognized that in doing so it was qualifying the general rule that there may not be indemnity between joint tort feasors. The opinion quoted from City of Brooklyn v. Brooklyn City R. Co., 47 N.Y. 475, 7 Am. Rep. 469. " 'Where the parties are not equally criminal, the principal delinquent may be held responsible to a co-delinquent for damages paid by reason of the offense in which both are concerned in different degrees as perpetrators.' "

This principle whereby a person secondarily liable has recovered indemnity from the person primarily liable has been applied in admiralty cases, Standard Oil Co. v. Robbins Drydock & Repair Co., 2 Cir., 32 F.2d 182. However, in the case at bar it is the respondent who was found primarily liable, and the respondent-impleaded but secondarily liable. In consequence Washington Gas Light Co. v. District of Columbia, supra, does not support the respondent's claim for indemnity under common law.

The respondent cites United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, certiorari denied, 338 U.S. 904, 70 S.Ct. 307; Rich v. United States, 2 Cir., 177 F.2d 688; Burris v. American Chicle Co., 2 Cir., 120 F.2d 218; and Westchester Lighting Co. v. Westchester C. S. E. Corp., 278 N.Y. 175, 15 N.E.2d 567, in contending that these cases support the position that respondent-impleaded's negligence requires it to indemnify respondent. But the basis for the holdings in these cases was the fact that the indemnitor was either solely or primarily liable, and the indemnitee either wholly blameless or at best secondarily liable.

In Vanderlinden v. Lorentzen, 2 Cir., 139 F.2d 995, plaintiff brought an action for personal injuries suffered by the breaking of a ship's ladder leading over the side of the ship to the deck of a lighter alongside. The ladder was part of the ship's equipment and had been put over the side by the stevedores' foreman. The action was before a jury, which found both the ship owner and the stevedoring company negligent, but recommended indemnification for the stevedore. The court awarded indemnity as recommended, but the Court of Appeals reversed the judgment of indemnity, saying: "The doctrine that there may not be indemnity between joint tort feasors is certainly desirable in a case like this, where the stevedore's fault was so much the greater of the two. It would be shocking to hold that the steve-

dore's 'reliance' on the ladder furnished was 'justifiable', and so to throw the whole loss on much the less reprehensible of the two wrongdoers." 139 F.2d at page 997.

In the case at bar the parties are reversed as to primary and secondary liability. Nevertheless the language of Judge Learned Hand in refusing indemnity to the one primarily or basically liable, appears to be very much in point.

■ Of course, it is true that there is a right of contribution between wrongdoers under general maritime law, Erie Railroad Co. v. Erie Transportation Co., 204 U.S. 220, 27 S.Ct. 246, 51 L.Ed. 450, which recognizes the right to contribution where there is mutual fault for the purpose of qualifying the loss incurred through such mutual fault. In George's Radio, Inc., v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, 222, the court defined the right of contribution as one in which " * * * there is no agreement, express or implied, but a common burden in which the parties stand in equali juri and which in equity and good conscience should be equally borne."

■ A recent case decided in this circuit by our Court of Appeals, American Mutual Liability Insurance Co., v. Matthews, 2 Cir., 182 F.2d 322, would seem to bar any right of contribution here under the General Maritime Law. In that case a ship owner asserted a right of contribution against the firm of stevedores for damages recovered by an employee of the stevedores. Recovery had been had in a state court action against the ship owner for injuries suffered by the breaking of a defective guy rope furnished by the ship owner and used by the stevedores. The right of contribution was asserted on the theory that the ship owner and stevedores were joint tort feasors.

However, the Court of Appeals held that there was no right of contribution, for the Longshoremen's and Harbor Worker's Act, 33 U.S.C.A. § 901 et seq. is a valid and complete defense to the asserted right of contribution. The court declared that for a right of contribution to exist, parties must be joint wrong-doers in the sense that their torts have imposed a common liability upon them to the party injured. Since the Longshoremen's and Harbor Workers' Act prescribed an absolute duty on the employer to pay prescribed compensation in lieu of any duty to pay damages for negligence, and since the claim of the injured employee against the ship owner was for damages for negligence, the ship owner and the stevedores were not, so held the court, under a common liability, nor were they joint wrong-doers. It is interesting to note that in Judge Swan's opinion he said: "It must be conceded, however, that a majority of district court cases which have dealt with the question hold contrary to the views above expressed," citing: Rederi v. Jarka Corp., D.C.Me., 26 F.Supp. 304; The Tampico, D.C.N.Y., 45 F.Supp. 174; The S. S. Samovar, D.C.Cal., 72 F.Supp. 574, 588; Portel v. United States, D.C.N.Y., 85 F. Supp. 458, 462; Contra: Johnson v. United States, D.C.Or., 79 F.Supp. 448; Frusteri v. United States, D.C.N.Y., 76 F.Supp. 667; Calvino v. Pan-Atlantic S. S. Corp., D.C.N.Y., 29 F.Supp. 1022.

Judge Swan wrote for the majority that these cases seem to rely primarily on The Chattahoochee, 173 U.S. 540, 19 S.Ct. 491, 43 L.Ed. 801, but that case was distinguishable, said Judge Swan, because there the right of contribution was based upon the breach of a duty owed to one seeking contribution by one from whom contribution was sought, while said duty was not affected by the provision in the Harter Act, 46 U.S.C.A. § 190 et seq., for exemption from liability; whereas in the case before the court, on the other hand, it found there was no duty owed by the stevedores to the ship owner to discover patent defects in equipment furnished by the ship owner for its use in loading the ship. It should be mentioned that while Judge Learned Hand concurred, he did not agree with the distinction drawn between The Chattahoochee, supra, and the case before the court. It should be added that in Judge Swan's opinion, on another phase, he did say that by contract an employer may become bound to indemnify his promisee against liability resulting from improper performance of the work under-

302

taken by the employer, citing Westchester Lighting Co. v. Westchester S. C. E. Corp., supra, which involved the New York Workmen's Compensation Act, Consol.Laws, c. 67, upon which the Longshoremen's and Harbor Workers' Act was modeled. However, Judge Swan adds that in that case, as well as in Rich v. United States, supra: "In both of those cases, the primary cause of injury to the employee was breach of a contractual duty owed to the promisee to do the work properly."

Proceeding then to the third and remaining contention of the respondent herein that there are contractual grounds for recovery over, the respondent, relying on paragraph 9 of the warshipsteve contract, Part II, required Jarka to "procure and maintain

1. Standard workmen's compensation and employers' liability insurance.

2. Public liability insurance.

3. Property damage liability insurance." Jarka did procure all this insurance and it was in effect on the date of the accident.

Thus the question presented is whether the claim of the United States for indemnity from Jarka because of the latter's negligence is insured under the provisions of these policies.

It seems reasonably clear that the public liability policy of the Indemnity Insurance Co. of North America does not cover any liability that could be imposed on Jarka, for that policy has certain exclusion provisions. Paragraph III reads in part:

"Exclusions.

This policy does not apply:

(a) To any liability assumed by the insured under any contract or agreement;

(b) To bodily injury or to death of any employee of the insured while engaged in the business of the insured;"

It is quite apparent that subdivision (a) excludes any liability arising out of the warshipsteve contract, and subdivision (b) excludes the injury to Lo Bue as an employee of Jarka.

The Indemnity Insurance Co. of North America also issued a policy to Jarka covering property damage liability. This policy also contains exclusion provisions as follows:

"This policy shall not apply:

(a) to any liability assumed by the insured under contract or agreement in extension of the liability imposed upon the insured by law."

Finally there is the policy issued by the Liberty Mutual Insurance Company to Jarka, which is a Standard Workmen's Compensation and Employers' Liability policy. The significant provision of this policy is the provision numbered 11 of the New York Standard Endorsement attached to the policy. That paragraph reads: "The obligations of the company in paragraph 1(b) of the policy are limited to the liability imposed by law upon this employer for negligence, but specifically exclude any liability assumed by this employer under any contract entered into with any other person, association or organization."

I cannot see how, in consequence of the provisions thus stated, Jarka was insured under this policy for any liability that might arise under its contract with the United States.

In view of the foregoing, the impleading petition of the respondent will be dismissed.

Findings of fact and conclusions of law in conformity with the foregoing opinion will be filed concurrently herewith.