AMERICAN EXPORT LINES, INC., a foreign corporation, Appellant,

v.

ATLANTIC & GULF STEVEDORES, INC., a corporation, Appellee.

No. 8738.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 5, 1962.

Decided Jan. 9, 1963.

John W. Winston, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellant.

William B. Eley, Norfolk, Va. (Rixey & Rixey, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

Can a stevedore rely upon its own negligence as a defense to the action of a shipowner seeking indemnity for a money judgment paid out to a victim of the

stevedore's carelessness? We hold that it cannot.

On September 26, 1956, during loading operations aboard the S.S. EXCELLER, owned by American Export Lines, a draft of freight struck the coaming of the No. 5 hatch. Its contents spilled into the hold, seriously injuring Arthur Harper, a longshoreman employed by Atlantic & Gulf Stevedores, who was working below. After collecting compensation from his employer under the Longshoremen's and Harbor Workers' Compensation Act, Harper brought an action against Export, alleging negligence and unseaworthiness. At the trial two versions were presented as to what caused the draft to strike the coaming. Some witnesses testified that the winches were defective, and that this condition was known to the stevedore personnel at least two and one-half hours before the accident, but the foreman of the gang of longshoremen ordered them to proceed with their work. This testimony indicated that the accident resulted from the stevedore's negligence which activated a pre-existing defect in the winches. There was other testimony, however, that the accident was caused solely by the failure of the winch operators to raise the draft to a sufficient height, thus permitting it to strike the coaming instead of passing above it. On this conflicting evidence, a jury rendered a general verdict against the vessel's owner in favor of Harper in the sum of $25,000. Judgment was entered, which Export paid. With the addition of counsel fees and expenses, the total loss to Export amounted to $31,585.37.

Thereupon Export brought the present action for indemnity against the stevedore, Atlantic, which, although not a party to the original action,[1] had advance notice thereof and sent an attorney to observe the proceedings. In the indemnity action, tried on the admiralty side of the District Court, the Judge found on evidence virtually identical to that presented in the original action "that the sole proximate cause of the accident was the negligence of Harper's co-employees, Shell and Hardy, in the operation of the winches." Indeed, Atlantic insisted in the District Court and again on this appeal that the substandard performance of its own employees was the sole cause of Harper's accident. The District Court, instead of awarding judgment in favor of the innocent shipowner, absolved the stevedore whose admitted breach of warranty to perform services in a workmanlike manner occasioned Harper's injury and Export's financial loss. The theory upon which recovery was denied was that, since Export was free from fault, the jury's finding of initial liability furnished no basis for imposing, in a separate action, a correlative obligation of indemnity upon Atlantic. American Export Lines, Inc. v. Atlantic & Gulf Stevedores, 205 F.Supp. 316 (E.D.Va.1962). The anomalous result of this reasoning is that responsibility confers complete immunity.

Such a result stands in flat contradiction of the firmly-established rule "that a stevedoring contractor who enters into a service agreement with a shipowner is liable to indemnify the owner for damages sustained as a result of the stevedore's breach of his warranty to perform the obligations of the contract with reasonable safety."[2]

1. Atlantic rejected the shipowner's offer to take over the defense of the litigation.

2. Waterman S.S. Co. v. Dugan & McNamara, 364 U.S. 421, 423, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 429, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); Ryan Stevedoring Co. v. Pan-Atlantic Corp., 350 U.S. 124, 130–134, 76 S.Ct. 232, 100 L.Ed. 133 (1955); Moore-McCormack Lines, Inc. v. Maryland Ship Ceiling Co., Inc., 311 F.2d 663 (4th Cir., 1962); Rederi A/B Dalen v. Maher, 303 F.2d 565, 566 (4th Cir., 1962); Smith v. Jugosalvenska Linijska Plovidea, 278 F.2d 176, 180 (4th Cir., 1960); Calmar S.S. Corp. v. Nacirema Operating Co., 266 F.2d 79, 80 (4th Cir., 1959); American Export Lines, Inc. v. Revel, 266 F.2d 82 (4th Cir., 1959).

A jury had determined Export's liability to Harper,[3] and Export having paid the judgment, it was entitled to raise in a separate action the entirely distinct question whether the existing risk of injury as found by the jury was brought into play by the stevedore's failure to perform its contracted services with reasonable safety. Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Calmar S.S. Corp. v. Nacirema Operating Co., 266 F.2d 79 (4th Cir., 1959). There was no requirement that this question be raised in the original action by impleading the stevedore under Admiralty Rule 56. Impleader is permissible but not compulsory. Gilmore & Black, The Law of Admiralty, 365 (1957); 3 Moore's Federal Practice, § 14.06, citing Erie R. Co. v. Erie & Western Transportation Co., 204 U.S. 220, 27 S.Ct. 246, 51 L.Ed. 450 (1907), and Fyfe v. Pan-Atlantic S.S. Corp., 37 F.Supp. 497 (S.D.N.Y. 1941). The shipowner was bound only to show that the stevedore's breach of warranty occasioned its expense, Rederi A/B Dalen v. Maher, supra, 303 F.2d at 567, absent conduct on its own part sufficient to preclude recovery. Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958). No such conduct is alleged or proved.

The District Court found upon abundant evidence, including that of the stevedore itself, that negligence of the winch operators was the sole proximate cause of the accident. What the stevedore here advances as a defense in reality supplies the very basis for its liability. The breach of the duty to use proper care is manifest. Reimbursement must follow.

Reversed, with directions to enter judgment for American Export Lines.

Reversed and remanded.

**3.** It has been held, even when the parties effect settlement without proceeding to judgment, that the initial liability is not subject to be relitigated in the indemnity action. See Waterman S.S. Co. v. Dugan and McNamara, 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Rederi A/B

Dalen v. Maher, 303 F.2d 565, 566–567 (4th Cir., 1962); Paliaga v. Luckenbach S.S. Co., 301 F.2d 403, 409–410 (2d Cir., 1962); California Stevedore & Ballast Co. v. Pan-Atlantic S.S. Corp., 291 F.2d 252, 254 (9th Cir., 1961).