**STATES STEAMSHIP COMPANY,**
**Libelant,**

v.

**PORTLAND STEVEDORING COMPANY, Respondent.**

**Civ. No. 62-475.**

United States District Court
D. Oregon.

Oct. 1, 1963.

See also, D.C., 216 F.Supp. 934.

John R. Brooke, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for libelant.

Warren Hastings, Phillips, Coughlin, Buell & Phillips, Portland, Or., for respondent.

EAST, District Judge.

Libelant, a shipowner being fault free in the premises, seeks indemnity from respondent, a defaulting stevedore in the service of the ship, upon implied and express contract warranty and indemnity for loss caused (injured longshoreman) by the unseaworthiness of the ship brought about by respondent.

Respondent alleges separately a "Third" and a "Fourth" Further and Separate Answer.

It seems to be the law that:

"The shipowner (is) bound only to show that the stevedore's breach of warranty occasioned its expense, Rederi A/B Dalen v. Maher [4 Cir.], supra, 303 F.2d [565] at 567, absent conduct on its own part sufficient to preclude recovery. Weyerhaeuser S. S. Co. v. Nacirema Operating Co., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L. Ed.2d 491 (1958)." American Export Lines v. Atlantic & Gulf Stevedores, Inc., 313 F.2d 414, 416 (4th Cir. 1963).

And, further, there is

" * * * no requirement that this question be raised in the original action by impleading the stevedore under Admiralty Rule 56. Impleader is permissible but not compulsory. Gilmore & Black, The Law of Admiralty, 365 (1957); 3 Moore's Federal Practice, § 14.06 * * *." American Export Lines v. Atlantic & Gulf Stevedores, Inc., supra, 313 F. 2d, p. 416; Farrington v. Osaka

Shosen Kaisha, D. Or. Civil No. 61–314, Jan. 8, 1963.

■ Suffice, a shipowner's conduct "sufficient to preclude recovery" of indemnity from a defaulting stevedore would have to be its own direct action or failure to perform required action subsequent to the original causation and establishment of stevedore's liability which prejudices or increases the stevedore's existing liability or firm obligation.

The record herein reveals that the written stevedoring contract between the parties contained this specific provision:

"The stevedoring company agrees to indemnify and hold entirely harmless the company against any claim or action, whatever, which may be made or brought by any workman or employee of the stevedoring company, or any other person or persons, for personal injury or death sustained during the progress of the work on or around the company's vessels, excepting where such injury or death is caused solely by the fault of the ship, its officers, crew or equipment."

Under the hypothesis that respondent's obligation as indemnitor under the above provision "arises as soon as a claim against * * *" libelant was asserted, the respondent alleges in its third further and separate answer:

"I.

"Libelant further breached its contract of August 1, 1958, with respondent in that libelant:

"(a) without respondent's knowledge or consent, removed Robert McLaughlin's case from the Circuit Court of the State of Oregon to the United States District Court for the District of Oregon; and

"(b) thereupon, without respondent's knowledge or consent, prepared and filed various pleadings; took various depositions; entered into and lodged with the Court a pretrial order; and generally assumed the defense of the above mentioned case; and

"(c) libelant further failed or refused to file third-party complaint against respondent and delayed said matter until intervention in said case by respondent was no longer timely; and

"(d) thereupon, libelant tardily tendered the McLaughlin case to respondent for defense;

"(e) thereby materially prejudicing respondent's investigation of said case and the preparation and conduct of any defense of said case."

■ The language of (a) is without thrust in that the exercise of the right of removal of a state cause to the United States District Court on grounds of diversity of citizenship can hardly be taken as a prejudice;

■ In (b), respondent puts forth no facts pointing to lack or slack pleading, discovery or pretrial proceedings, or other poor or inept generalship of the defense by libelant;

■ Under (c), respondent fails to recognize libelant's privilege of chef's choice of seeking indemnity by way of impleading respondent or bringing these original proceedings (Farrington, supra);

■ Again, in (d), respondent does not allege facts showing prejudice to or enlargement of its original liability; and

The labeling in (e) of the foregoing assertions as prejudicial is not equivalent to showing it.

Libelant's exceptions to this third answer should be allowed.

Respondent's fourth further and separate answer points to a want of proper parties libelant, and at a hearing of the exceptions a joinder by libelant of its insurance carrier was offered, and to that extent the exception to this answer should be disallowed. Accordingly,

It is so ordered.