UNITED STATES of America, owner of THE U.S.S. RUCHAMKIN, Libellant,

v.

THE S.S. WASHINGTON, her engines, etc., Texas Company, etc., Respondent.

TEXAS COMPANY, owner of The Tanker Washington, Libellant,

v.

UNITED STATES of America, owner of The U.S.S. Ruchamkin, Respondent.

In the Matter of the Petition of TEXAS COMPANY, as owner of The Tanker Washington for exoneration from or limitation of liability.

Parley BRIGHT, as Administrator of the Estate of Merton Bright, Deceased, Catherine Bode, as administratrix of the Estate of Ralph J. Bode, Deceased, Barbara Allred, as administratrix of the Estate of Kenneth V. Allred, Deceased, Margaret Fulwiler, as administratrix of the Estate of John T. Fulwiler, Deceased, Libellants,

v.

TEXAS COMPANY, Respondent.

Civ. Nos. 780, 953, 954, 1203, 1218–1221.

United States District Court
E. D. Virginia,
Alexandria Division.

Jan. 16, 1959.

Thomas F. McGovern, Thomas S. Schattenfield, Dept. of Justice, Washington, D. C., A. Andrew Giangreco, and Henry St. J. FitzGerald, Asst. U. S. Attys., Alexandria, Va., for the Government.

Joseph M. Brush (Pyne, Brush, Smith & Michelsen), New York City (George C. Garbesi, New York City, on brief), Fran-

cis N. Crenshaw (Baird, Crenshaw & Lanning), Norfolk, Va., for Texas Co., William P. Woolls, Alexandria, Va., Marvin Schwartz, New York City (Betty H. Olchin and Lawrence Drasin, New York City, on brief).

ALBERT V. BRYAN, District Judge.

The questions now before the court, on the remittitur holding The Texas Company also at fault, 4 Cir., 241 F.2d 819, are (a) the amount of damages to be awarded under the Death on the High Seas Act, 46 U.S.C.A. § 761, against Texas in the deaths of four of the soldiers killed aboard the U.S.S. Ruchamkin in her collision with Texas' tanker Washington; (b) whether remarriage of the soldier's widow could be considered in diminution of her pecuniary loss in his death; (c) whether his pain and suffering is an item of the damages; and (d) whether against the admitted right of The Texas Company to reimbursement from the Government for one-half of the death awards as collision damages, the United States may offset the sums paid and payable by the Government to the decedents' dependents as statutory death gratuities, indemnity and compensation.

█ Only The Texas Company can be looked to for damages, for the soldiers died in the performance of their duties and left no tort action against the United States. Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.

I. Answering the first question, fair and just compensation for the pecuniary losses of the persons for whose benefit the respective suits are brought, as well as a reasonable amount for pain and suffering where appropriate, together with an apportionment of the sums, are now found in these amounts:

| | | |
|---|---|---:|
| 1. | (a) For the death of Ralph J. Bode | $7500.00 |
| | (b) For his conscious pain and suffering | 1500.00 |
| | | $9000.00 |

The sum of $7,500 is for his mother and only dependent, Catherine Bode; $1,500 shall be distributed by the personal representative as the appointing court shall direct.

| | | |
|---|---|---:|
| 2. | (a) For the death of John T. Fulwiler | $35,000.00 |
| | (b) No claim is made for pain and suffering | 0.00 |
| | | $35,000.00 |

This sum goes to his widow, now Patricia Anne Mencke, for the benefit of both herself and decedent's mother, Margaret Fulwiler, his only dependents, the two having stipulated for a joint payment to them with their own apportionment.

| | | |
|---|---|---:|
| 3. | (a) For the death of Merton A. Bright | $30,000.00 |
| | (b) For his conscious pain and suffering | 3,000.00 |
| | | $33,000.00 |

The death award is divided: $10,000 to the decedent's mother, Edna E. Bright and $20,000 to his widow, now Rose Bright Helt. Let the remaining sum be disbursed under the direction of the administrator's court.

| | | |
|---|---|---|
| 4. (a) For the death of Kenneth V. Allred | | $35,000.00 |
| (b) No claim is made for pain and suffering | | 0.00 |
| | | $35,000.00 |

Of this amount $15,000 is allotted to his widow, now Barbara D. Carouthers, and $20,000 to their six-year old son, Danny Kenneth Allred. Michigan Cent. R. Co. v. Vreeland, 1913, 227 U.S. 59, 71, 33 S.Ct. 192, 57 L.Ed. 417; Middleton v. Luckenbach S.S. Co., 2 Cir., 1934, 70 F.2d 326, 330, certiorari denied 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674.

[2] II. Remarriage has not been counted in reckoning up the widow's pecuniary loss. Pro'd and con'd on the score of realism and unrealism, the question is not readily decidable. We follow the majority rule. Seaboard Air Line R. Co. v. Connor, 4 Cir., 261 F.2d 656, note 1; The City of Rome, D.C.S.D.N.Y.1930, 48 F.2d 333; Johns v. Baltimore & O. R. Co., D.C.W.D.Pa.1956, 143 F.Supp. 15, 28, affirmed 3 Cir., 239 F.2d 385. Perhaps unimaginative, but this position at least has statutory, ad verbum certainty.

■ III. Between their injury and death, soldiers Bode and Bright languished in pain, the former from November 14th to the 16th, his companion until the 23rd. The libels for them count both in personal injuries and in death. At trial the fatality claims were premised upon the Death on the High Seas Act, 46 U.S.C.A. § 761 ff. Primarily the injury claim was too, and secondarily upon general maritime law. Concededly, the action for death is secured in the Act; but it gives no footing to support a case for pain and suffering. Michigan Cent. R. Co. v. Vreeland, supra, 1913, 227 U.S. 59, 71, 33 S.Ct. 192, 57 L.Ed. 417. Its compensation is limited ex vi termini to prospective and material loss for the relief of others than the decedent—to reimbursement for the post-death, "pecuniary" deprivation of his dependents. Decker v. Moore-McCormack Lines, D.C. Mass.1950, 91 F.Supp. 560; Noble v. Moore-McCormack, D.C.Mass.1951, 96 F. Supp. 369, 372. Contra: without discussion Tetterton v. Arctic Tankers, Inc., D.C.E.D.Pa.1953, 116 F.Supp. 429, 432, merely mentions pain and suffering, inter alia, as damages. Of course, as the decedents here were not seamen, or members of the tanker's crew, resort cannot be had to the Jones Act, 46 U.S. C.A. § 688.

■ Before his death, however, these two soldiers each had a right of action for his injuries, as a tort, by virtue of the general maritime law. Admittedly this action did not survive in admiralty, but it is saved by State law. As The Texas Company is a Delaware corporation and the catastrophe occurred beyond the territorial waters of a State, in the Atlantic some fifty miles off the Virginia shore, the survival statute of Delaware, 1935 Code, sec. 4637, as amended, may be called in to rescue the action. The Hamilton, 1907, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264; Just v. Chambers, 1941, 312 U.S. 383, 388, 668, 61 S.Ct. 687, 85 L.Ed. 903; Holland v. Steag, Inc., D.C.Mass.1956, 143 F.Supp. 203, 206; Kernan v. American Dredging Co., 1958, 355 U.S. 426, 430, note 4, 78 S.Ct. 394, 2 L.Ed.2d 382.

■ Preemption does not bar the operation of the State law. No Act of Congress touches a non-seaman's personal injury suit arising in the oceans beyond a State's jurisdiction. Nor can an opposite implication be found in the Death on the High Seas Act. Its provision of

availability when death intervenes during the pendency of a personal injury action, does not deny, but rather avows, the legitimacy of a cause of action for personal tort at sea.

■ Judgments will go for the decedents' estates against The Texas Company for the amounts stated. They are not to be diminished by any sums due the soldiers' dependents by the Government, whether by way of insurance, pension, gratuities or compensation. Erie Railroad Co. v. Erie & Western Transportation Co., 1907, 204 U.S. 220, 226, 27 S.Ct. 246, 51 L.Ed. 450; The Hamilton, supra, 207 U.S. 398, 406, 28 S.Ct. 133, 52 L.Ed. 264. The opposed suggestion of The Texas Company was prompted, seemingly, by contingent precaution—to protect itself against the possibility, in the contribution adjustment, of the allowance of a credit to the United States for these veteran benefits.

■ IV. But the court now holds that the Texas Company should be granted judgment against the United States for one-half of the present awards, as a part of Texas' collision damages, without deduction for the veteran benefits. The North Star, 1882, 106 U.S. 17, 20–22, 1 S.Ct. 41, 27 L.Ed. 91; The Chattahoochee, 1899, 173 U.S. 540, 551–555, 19 S.Ct. 491, 43 L.Ed. 801; Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 284, 72 S.Ct. 277, 96 L.Ed. 318.

The pleadings, the United States faintly intimating aliter, now fully posit Texas' claim for contribution. Thus, in Nos. 953 and 954 wherein The Texas Company is the libelant and the United States the respondent (both involving the same matter and respectively filed, in May and July 1953 in the Southern District of New York and transferred to this court) the damages pleaded include claims for "loss of lives of several members of the Armed Forces stationed on board the USS Ruchamkin" and "other claims * * * for personal injuries". The allegation is, too, "If libelant is held responsible for any such claims for loss of life, personal injury * * * * the libelant hereby claims reimbursement therefor from the respondent". Article Seventh.

Besides, both in its original and amended libel in No. 780 (filed in March 1953 in this court originally) against The Texas Company and its tanker, the United States listed among its damage claims its potential liability to pay pensions and death gratuities to "injured or deceased military personnel". Article Eighth. The same issue is made in Texas' petition for exoneration and limitation of liability, No. 1203 (filed in Southern District of New York in 1953 and transferred here), still viable though temporarily suspended. For its history, see Petition of Texas Co., 2 Cir., 1954, 213 F.2d 479, certiorari denied Texas Co. v. United States, 348 U.S. 829, 75 S.Ct. 52, 99 L.Ed. 653, and 2 Cir., 1955, 220 F.2d 744. The United States, and quite properly, took an active part in the hearings on the present questions. Cf. United States v. The Thekla, 1924, 266 U.S. 328, 329, 341, 45 S.Ct. 112, 69 L.Ed. 313.

The deductions—whether termed credits, offsets or recoupment—ranged by the Government against Texas' claim for contribution consist of the Government's obligations to the soldiers' dependents as provided by the Congress in certain Veterans' Acts. These are the Servicemen's Indemnity Act of 1951, approved April 25, 1951, 38 U.S.C.A. § 851 et seq., providing servicemen's indemnity in the form of insurance without premium, and Servicemen's and Veterans' Survivor Benefits Acts, approved August 1, 1956 and effective January 1, 1957. 38 U.S.C.A. § 1101 et seq., with Veterans' Regulation No. 1(A) Ch. 12A, 38 U.S.C.A. following section 745, providing dependency and indemnity compensation and death gratuity.

Basically, the obligations under these Acts are not deductible because they are obviously not collision damages. They are independent, collateral responsibilities created by statute, not born of the collision. The collision merely matured them.

Further, the United States has no right of action for recovery in this regard, and hence no right of set-off against Texas' contribution claim, because no basis in fact or in law exists for shifting the Government's responsibilities to Texas. The Federal No. 2, 2 Cir., 1927, 21 F.2d 313; Crab Orchard Improvement Co. v. Chesapeake & O. R. Co., 4 Cir., 1940, 115 F.2d 277, 280. Even hospitalization and pay of an injured soldier during his incapacity—expenditures far more closely related to the tort than are the instant obligations —are not recapturable by the United States from the tortfeasor. United States v. Standard Oil Co., 1947, 332 U. S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067. Indeed, a soldier may recover for himself from the wrongdoer the value of medical care, though it was furnished him by the Government free of charge. Rayfield v. Lawrence, 4 Cir., 1958, 253 F.2d 209, 212.

There is no subrogation, for the Government is not enforcing rights at any time possessed by the decedents. United States v. Standard Oil Co., supra, 332 U. S. 304, note 5, 67 S.Ct. 1606. Nor is there indemnification, for, to repeat, the Government's liability to the dependents does not issue from the negligence of Texas. What, in these circumstances, the United States cannot affirmatively assert, it cannot set off.

The Government's position in this respect would not be improved even if, upon responding to its obligations to the dependents, the Government should by consensual or statutory assignment become vested with their rights against The Texas Company. The measure of damages would then be not what the United States had paid and still owed to the dependents, but only what the dependents themselves might have recovered. Likewise, an assignment or inurement to the United States of the dependents' right of action or recovery would have no part, to the benefit of Texas, in the contribution adjustment, because Texas' liability to the decedents' estates could not be lessened by any arrangement between the United States and the estates.

But the overriding reason for not permitting the United States to take credit for its obligations under the Veterans' Act, is that The Texas Company in seeking contribution is not enforcing a cause of action of the decedents, their dependents or their estates. If it were, then the Government doubtlessly would have greater justification for its claim of set-off. Brooks v. United States, 1949, 337 U.S. 49, 53, 69 S.Ct. 918, 93 L.Ed. 1200; United States v. Brooks, 4 Cir., 1949, on remand, 176 F.2d 482. In contribution the Government is accounting for its own tort. Its liability emanates exclusively from the collision. The North Star, supra, 106 U.S. 17, 20 et seq., 1 S.Ct. 41, 27 L.Ed. 91; Erie Railroad Co. v. Erie & Western Transportation Co., supra, 204 U.S. 220, 226, 27 S.Ct. 246, 51 L.Ed. 450. This is why, too, the effect of the present decision denying the Government's set-off is not to require the Government, as it contends, to pay twice for the same liability—once to the dependents and again in contribution. They are two distinct liabilities, the one immediately to the decedents' dependents, the other immediately to The Texas Company.

Whether the Government may deduct such contribution from its obligations to the soldiers' dependents is not decided. It is decided that the deduction is not good against Texas.

Adopting this memorandum as its findings of fact and conclusions of law, the court requests proctors to collaborate in the preparation of a decree in accordance with the views expressed herein, presenting it to the court within 20 days.