**In re the Matter of WATERMAN STEAMSHIP CORP., as Owner Pro Hac Vice and Bareboat Charterer, and Amsouth Bank, N.A. as Owner of the S/S STONEWALL JACKSON, Praying for Exoneration from and/or Limitation of Liability.**

**Civ. A. No. 91–1491.**

United States District Court,
E.D. Louisiana.

Jan. 6, 1992.

Robert B. Acomb, Jr., Robert Taylor Lemon, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Waterman Steamship Corp. and Amsouth Bank N.A.

Lawrence D. Wiedemann, Eric Michael Daigle, Wiedemann & Wiedemann, New Orleans, La., for Adrienne Villafarra, Rene Villafarra Hefner, Amber Villafarra, Andrew Villafarra, Julieta Hinds, Eric Hinds, Jr., Tony Hinds and Ava Villafarra Hanner.

Jesse Marden Suit, III, Rulter & Montagna, Norfolk, Va., for Morris Jones, Jo Ann Lampart, Gene Clayton, and Dorothy Hyman.

Ralph Meilusi, Jacob Shisha, Tabak & Mellusi, New York City, for Merle Wescott.

John Barr Gooch, Jr., John Christopher Person, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond

& Mintz, New Orleans, La., Douglas A. Jacobsen, Lawrence B. Brennan, Bigham, Englar, Jones & Houston, New York City, for Atlantic Mut.

John Barr Gooch, Jr., John Christopher Person, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for E.P. Lambert Co., Alfred Shatkin Inc., H. Muehlstein & Co., Inc., Lewis & Peat Inc., Staiger Rubber Partnership, Commercial Union Companies, Og Innes Corp., Alan L. Grant Rubber Div. of Imperial Commodities Corp., Hartford Fire Ins. Co., Henry W. Peabody & Co., Assoc., Chubb & Son, Goodyear Tire & Rubber Co., GRE, Ore Chemical Corp., Andrew Weir Commodities, Inc., Cargill, Inc., Lewis & Peat U.S.A., Great American Ins. Co., Finora Co., Inc., Tokio Marine & Fire Ins. Co., and C. Itoh & Co. (America) Inc., Stephen White, New Orleans, La., for Sandra M. Park, Michael Edward Park, Brian Donald Park and Estate of Donald W. Park.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Waterman Steamship Corporation and Amsouth Bank filed this limitation of liability proceeding after a fire erupted in the engine room of the S/S Stonewall Jackson. The fire resulted in the deaths of six persons, the estates of whom have filed claims under the Jones Act and DOHSA. These claims include loss of consortium and society claims, as well as punitive damages claims. Waterman Steamship and Amsouth Bank have filed a motion to dismiss the consortium and punitive damages claims.

■ As an initial matter, The Death on the High Seas Act ("DOHSA")[1] explicitly limits survivors to the recovery of pecuniary losses only. The provision reads "[t]he recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained...."[2] The Supreme Court has stated that this explicit limitation forecloses recovery for nonpecuniary loss in a general maritime action.[3] In addition, in response to arguments that supplements to the statute were allowed, the Court stated, "Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage the creation of nonpecuniary supplements."[4] Where DOHSA applies, its pecuniary remedies cannot be supplemented by non-pecuniary damages available under general maritime law.

Therefore, any elements of damages which constitute non-pecuniary losses should be struck from claimants' claims. This would include loss of society, loss of consortium, loss of companionship, loss of love and affection, loss of comfort, grief and mental anguish and punitive damages only.

■ Unlike DOHSA, the Jones Act[5] does not have an express provision limiting recoverable losses to pecuniary ones. However, the issue of whether loss of consortium type claims can be recovered under the Jones Act has been addressed. The Supreme Court, in Miles v. Apex Marine Corp., stated, "[t]here is no recovery for loss of society in a Jones Act wrongful death action."[6] Likewise, the Fifth Circuit has found that the spouse or relation of an injured or deceased seaman has no claim for loss of consortium based directly on the Jones Act.[7] Thus, these claims arise if at all in a general maritime action. The Miles Court stated, "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman."[8] Therefore, consortium type claims cannot be recovered for the wrongful death

---

1. 46 U.S.C.App. § 761 et seq.

2. 46 U.S.C.App. § 762.

3. Miles v. Apex Marine Corp., — U.S. —, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

4. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625, 98 S.Ct. 2010, 2015, 56 L.Ed.2d 581 (1978).

5. 46 App.U.S.C. § 688 et seq.

6. 111 S.Ct. 317, 325 (1990).

7. Cruz v. Hendy Int'l Co., 638 F.2d 719, 725 (5th Cir.1981).

8. Miles, 111 S.Ct. at 326.

of a seaman, whether under either the Jones Act or general maritime law.

The basis for the decision in *Miles* was stated in clear and simple terms: this ruling "restore[s] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law." [9]

This result followed from the court's broader methodology and concerns: 1) acknowledging the primacy of statutory law in establishing seaman's remedies; 2) limiting the authority of the courts to supplement statutory remedies to that which achieves uniformity in admiralty law, and 3) respecting the remedial limits established by Congress. [10]

> We no longer live in an era when seaman and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions. [11]

The Court's rationale for disallowing consortium type claims in *Miles* is stated in terms broad enough to encompass other nonpecuniary damages. The Court was not concerned so much with the historical source of seaman's remedies, as with the contemporary primacy of Congress in setting the remedies and their limits. The Court ruled that Congress incorporated the substantive provisions of FELA into the Jones Act. [12] The Court continued to state that when Congress passed the Jones Act, the tradition behind FELA was well established. Therefore, the Court stated that "[i]ncorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well." [13] This language is not at all ambiguous. The Jones Act is limited to pecuniary losses.

There is much authority that punitive damages are not pecuniary in nature. Prosser has written:

> Punitive damages "are to be given to the plaintiff over and above the full compensation for his injuries, for the purpose of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example." [14]

In addition, the Ninth Circuit has held that punitive damages are nonpecuniary and not recoverable under the Jones Act. [15] So too have other courts. [16] I agree that punitive damages are nonpecuniary in nature and so are not recoverable under the Jones Act. In fact, the Fifth Circuit, in *Complaint of Merry Shipping, Inc.* [17] expressed doubt about the recoverability of punitive damages under the Jones Act because "Congress intended only *pecuniary*

---

**9.** *Id.*

**10.** *Id.* 111 S.Ct. at 323.

**11.** *Id.*

**12.** The Supreme Court found that the language of the FELA wrongful death provision is essentially identical to that of Lord Campbell's Act, 9 & 10 Vict. ch. 93 (1846), the first wrongful death statute. Although Lord Campbell's Act did not explicitly limit damages, the Court found that the Act and many state statutes that followed it consistently had been interpreted as providing recovery only for pecuniary loss. The Court so construed FELA. *Miles,* 111 S.Ct. at 325 (citing *Michigan Central R. Co. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913)).

**13.** *Id.* at 325.

**14.** Prosser, Law of Torts, § 2 at p. 9 (4th ed.).

**15.** *Kopczynski v. The Jacqueline,* 742 F.2d 555, 561 (9th Cir.1984); *Bergen v. F/V St. Patrick,* 816 F.2d 1345, 1348–49 (9th Cir.1987).

**16.** *See e.g., Rollins v. Peterson Builders, Inc.,* 761 F.Supp. 943 (D.R.I.1991).

**17.** 650 F.2d 622 (5th Cir.1981).

**1096**

losses to be recoverable under the Act." [18] Since the decision in *Merry Shipping* the Supreme Court decided *Miles* and the language could not be clearer that losses are limited to those that are pecuniary. Accordingly, punitive damages are unavailable under the Jones Act.

The question remains whether punitive damages nevertheless are available under general maritime law. The Fifth Circuit stated that although it doubted the availability of punitive damages under the Jones Act, punitive damages *are* available under general maritime law even when such a claim is joined with a Jones Act claim.[19] However, I do not think that the Fifth Circuit would come to the same conclusion today. *Merry Shipping* was decided prior to the Court's decision in *Miles*. Its holding was based in part on the premise that the Supreme Court allowed recovery for non-pecuniary losses, such as loss of society.[20] The Court has explicitly reversed this premise. Therefore, the groundwork for the Fifth Circuit's decision has eroded.

█ All other cases that I have found that have addressed whether punitive damages are available under general maritime law when joined with a Jones Act claim, with the exception of one case, have found that they are not.[21] The basis for their decisions is that uniformity is intended for types of damages available under the Jones Act and general maritime law. In disallowing loss of consortium claims under general maritime law, the *Miles* Court stated, "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action ... than Congress has allowed in cases of death resulting from negligence." [22] The Court held that there was no right to loss of consortium under general maritime law because there was no right under the Jones Act. Because the case involved the death of a seaman, it was governed by the Jones Act and DOHSA. Because both statutory schemes restrict losses to pecuniary ones, judicially-created general maritime law also should so restrict. The focus was on the seaman status of the decedent and the desire for consistency. This rationale would apply to punitive damage claims as well. Allowing punitive damages under general maritime law, although they are not recoverable under the Jones Act, would create an inconsistency in the law that expands Congress' restriction. Both loss of consortium and punitive damage claims are non-pecuniary in nature and so the same policy should support them.

Judge Schwartz opined the only district or appellate case I found since *Miles* that has held that punitive damages remain available under general maritime law.[23] Although Judge Schwartz found that punitive damages remain available under general maritime law, *Duplantis* did not involve the Jones Act. The *Miles* Court focused on creating consistency in actions involving general maritime claims joined with Jones Act claims. It is on this basis that *Duplantis* can be distinguished. For the foregoing reasons,

IT IS ORDERED that Waterman Steamship Corporation and Amsouth Banks' motion to dismiss the consortium claims and the punitive damages claims is GRANTED.

**18.** *Id.* at 626.

**19.** *Merry Shipping,* 650 F.2d at 626.

**20.** *Id.* at 626, citing *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 591, 94 S.Ct. 806, 818, 39 L.Ed.2d 9 (1974).

**21.** *Dryden v. Calk,* 771 F.Supp. 181 (S.D.Tex. 1991); *Rollins v. Peterson Builders, Inc.,* 761 F.Supp. 943 (D.R.I.1991); *In re the Matter of the Mardoc Asbestos Case Clusters 1, 2, 5 and 6,* 768 F.Supp. 595 (E.D.Mich.1991); *Brumfield v. Zapata Gulf Marine Corp.,* C.A. 90–1319, 1991 WL 174818 (E.D.La. Aug. 29, 1991) (Mentz); *Donaghey v. Ocean Drilling & Exploration Co.,* No. 90–0163, 1991 WL 99490 (E.D.La. June 4, 1991) (Livaudais); *Stoufflet v. Apex Towing Co.,* No. 90–4476, 1991 WL 194759 (E.D.La. Sept. 20, 1991 (Livaudais); *In the Matter of the Complaint of Aleutian Enterprises,* 777 F.Supp. 793 (W.D.Wash.1991).

**22.** *Id.* 111 S.Ct. at 326.

**23.** *Duplantis v. Texaco, Inc.,* 771 F.Supp. 787 (E.D.La.1991).