Geneva ELLISON, et al., Plaintiffs,

v.

MESSERSCHMITT–BOLKOW–BLOHM, et al., Defendants.

No. 2:90CV049.

United States District Court,
E.D. Texas,
Marshall Division.

Aug. 27, 1992.

---

James N. Haltom, Patton, Haltom, Roberts, McWilliams & Greer, Texarkana, Tex., for plaintiffs.

Richard H. Caldwell, Mayor, Day, Caldwell & Keeton, Houston, Tex., Winstol D. Carter, Jr., Fulbright & Jaworski, Houston, Tex., Kenneth H. Laborde, Pulaski, Gieger & Laborde, New Orleans, La., for defendants.

## ORDER

HALL, District Judge.

CAME ON TO BE HEARD THIS DAY the Motion to Strike Plaintiffs' Fourth Amended Complaint filed by Defendants Messerschmitt–Bolkow–Blohm ("MBB") and MBB Helicopter Corporation ("MBBH"). As Plaintiff has since filed a Fifth Amended Complaint, Defendants' motion will be considered a Motion to Strike Plaintiffs' Fifth Amended Complaint. After due consideration of the motion and all responses and replies thereto, the court finds that the Defendants' Motion is not well taken.

### I. BACKGROUND

On May 7, 1989, a Model BO–105 Messerschmitt–Bolkow–Blohm ("MBB") helicopter, registration number N2785B, piloted by the Plaintiffs' decedent, Fred Robert Ellison, left New Iberia, Louisiana en route to an oil rig in the Gulf of Mexico. Approximately 200 miles south of Grand Chenier, Louisiana, the helicopter crashed into the sea, resulting in Mr. Ellison's death. This action was brought by Mr. Ellison's widow and three surviving daughters under the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 et seq., the federal general maritime law, and the Texas survival statute, Tex.Civ.Prac. & Rem.Code § 71.021.

Defendants MBB and MBBH now ask the Court to strike portions of the Plaintiffs' Fifth Amended Complaint, alleging that it requests damages that are not legally recoverable.

### II. DISCUSSION

A. Plaintiffs' claims for loss of care, maintenance, support, services, advice, instruction, and education.

■ The Court's Order of March 16, 1992 bars Plaintiffs from asserting claims for their own mental anguish, pain and suffering, loss of society, loss of companionship and loss of consortium. *See* Order at 5. While Plaintiffs' Fourth Amended

Complaint did request damages for mental anguish, grief and sorrow, and loss of society, companionship, and consortium, the Plaintiffs have since filed a Fifth Amended Complaint that deletes these elements of damages. Accordingly, Defendants' complaints regarding them are now moot.

However, Defendants also assert that Plaintiffs' claims for "loss of care, maintenance, support, services, advice, instruction, and education" should be stricken to the extent that they request damages beyond the permissible elements of damages, which are: child's loss of nurture, instruction, loss of household services, and physical, intellectual, and moral training. Plaintiffs' Fifth Amended Complaint, para. X.

The Court finds that the Plaintiffs' claims do not exceed the permissible elements of damages, and should not be stricken as Defendants request.

## B. Punitive Damages.

Defendants also ask the Court to strike the Plaintiffs' claims for punitive damages under the general maritime law and the Texas survival statute.

### 1. *Punitives Under General Maritime Law*

In *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court wrote:

> In this era, an admiralty court should look primarily to ... legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies, consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority·in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation.

*Id.*, 498 U.S. at 27, 111 S.Ct. at 323. The Court held that DOHSA's explicit limitation to pecuniary loss only "forecloses recovery for non-pecuniary loss ... *in a general maritime action.*" *Id.*, 498 U.S. at 31, 111 S.Ct. at 325 (emphasis added). It went on to note that its ruling would "restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, *or general maritime law.*" *Id.*, 498 U.S. at 33, 111 S.Ct. at 326 (emphasis added).

A number of district courts in this Circuit and elsewhere have held that *Miles* foreclosed the recovery of punitive damages in a general maritime cause of action. In *Haltom v. Lykes Bros. S.S. Co., Inc.*, 771 F.Supp. 179, 181 (E.D.Tex.1991), the court noted that if *In re Merry Shipping*, 650 F.2d 622 (5th Cir.1981), on which the Plaintiffs rely, were decided today, that the Fifth Circuit would conclude that punitive damages are non-pecuniary, and thus not recoverable. *See also, In re Waterman S.S. Corp.*, 780 F.Supp. 1093, 1095–1096 (E.D.La.1992); *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943, 949 (D.R.I.1991).

Accordingly, the Court now holds that the Plaintiffs may not recover punitive or exemplary damages under the general maritime law.

### 2. *Punitives Under the Texas Survival Statute*

Under traditional maritime law, there is no right of survival. *Cortes v. Baltimore Insular Line, Inc.*, 287 U.S. 367, 371, 53 S.Ct. 173, 174, 77 L.Ed. 368 (1932). To fill this gap, admiralty courts have "borrowed" state survival statutes to preserve a remedy for a decedent's personal causes of action. *See, e.g., Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893 (5th Cir.1984); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1092 (5th Cir.1988).

Under Texas law, the death of an injured party does not bar the recovery of exemplary damages, since the survival statute, Tex.Civ.Prac. & Rem.Code § 71.-021, preserves all the cause of action that the deceased would have had in favor of his heirs and legal representatives. *See Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Folsom Investments, Inc. v. Troutz*, 632 S.W.2d 872, 877 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.), *see also*, Tex.Civ.Prac. & Rem.Code

§ 41.001–41.003(a). Plaintiffs therefore assert that they are entitled to plead punitive damages under the Texas survival statute.

While the damages recovered by joining a state survival action with a DOHSA claim have typically been for the decedent's pain and suffering before death, no court has so restricted the nature of damages recoverable, or held that punitive damages were not recoverable.

It is true that the Supreme Court has held that DOSHA damages cannot be supplemented with punitive damages under a state wrongful death statute, but that was in recognition of the fact that Congress had preempted state legislation in the field by enacting DOHSA. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). Congress has not enacted a maritime survival statute, and the Supreme Court in *Miles* specifically refused to federalize the area by recognizing a general maritime survival action, as some Courts of Appeals have done. *Miles,* 498 U.S. at 33–34, 111 S.Ct. at 326. *But cf., Laws v. Sea Drilling Corp.,* 523 F.2d 793, 795 (5th Cir.1975) (citing *Barbe v. Drummond,* 507 F.2d 794, 799 (1st Cir.1974), and recognizing a general maritime survival cause of action).

Until such time as Congress or the Supreme Court act to preempt state legislation in this area, state law still governs, and the appropriate elements of damages recoverable under a state survival statute will be determined by reference to state law. *Snyder, supra,* 839 F.2d at 1092; *Solomon v. Warren,* 540 F.2d 777, 792 (5th Cir.1976). Since Texas law allows exemplary damages to be recovered under its survival statute, Plaintiffs' claim for punitive damages is proper.

### III. CONCLUSION

In *Miles,* Justice O'Connor wrote that "[w]e sail in occupied waters. Maritime tort law is now dominated by federal statute, and we are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them." *Miles v. Apex Marine Corp.,*
498 U.S. 19, 36, 111 S.Ct. 317, 327, 112 L.Ed.2d 275 (1990).

The occupied waters of maritime wrongful death law that the Supreme Court navigated in *Miles* do not yet include survival actions, however. Congress' decision not to legislate in this area, and the Supreme Court's decision not to recognize a general maritime survival action leave these seas free to state law, at least for the present. Since Texas law allows recovery of punitive damages under its survival statute, the Court holds that Plaintiffs' claim of punitive damages is proper, and should not be stricken.

In addition, the Court holds, for reasons set forth more fully in II.A. above, that the Plaintiffs' other claims do not exceed the permissible elements of damages, and accordingly should not be stricken either.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Strike Plaintiffs' Fifth Amended Complaint is hereby in all things DENIED.