**Volpe M. BOYKIN, Administrator of the Estate of Denzil J. Pereira, Plaintiff,**

v.

**BERGESEN D.Y. A/S, China Steel Corporation, U.S. Steel Mining Co., Inc., Defendants.**

Civ. A. No. 2:92cv391.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 25, 1993.

Jeffrey A. Breit, Breit, Drescher & Breit, Norfolk, VA, for plaintiff Boykin.

D. Arthur Kelsey, Andrew Jackson Timms, Hunton & Williams, Norfolk, VA, for Bergesen D.Y. A/S.

Morton H. Clark, Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for China Steel Corp.

Morton H. Clark, Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, VA, William R. Hawkins, John F. Wilson, USX Corp./U.S. Steel Group, Law Dept., Pittsburg, PA, for U.S. Steel Mining Co.

## OPINION AND ORDER

DOUMAR, District Judge.

This matter comes before the court on the motion of plaintiff Volpe M. Boykin for leave to supplement his complaint to include a general maritime law survival claim for compensatory and punitive damages against defendant U.S. Steel Mining Co., Inc. ("USSM"). The court has received the parties' briefs and heard oral arguments on this issue. Accordingly, the matter is now ripe for disposition.

## BACKGROUND

This admiralty action was brought by Volpe M. Boykin, administrator of the estate of Denzil J. Pereira. Pereira, the master of the M/V Berge Charlotte, was killed when a hold containing coal supplied by USSM exploded. Denzil Pereira was a citizen and resident of India. The M/V Berge Charlotte

was a Norwegian vessel. At the time of the explosion, the M/V Berge Charlotte was in nonterritorial waters off the coast of South Africa.

Plaintiff's complaint names four defendants, but plaintiff presently has claims against only one of the four. Plaintiff's claims against Bergesen's husbanding agent, Wescol Shipping Inc., t/a Lavino Shipping Company, were dismissed by this court on Wescol's motion for summary judgment. Plaintiff's claims against the shipowner, Bergesen D.Y. A/S, and the purchaser of the coal, China Steel Corp., were dismissed with prejudice by this court at plaintiff's request. Bergesen and China Steel Corp. remain parties, however, due to the cross-claims which have been filed in this action.

At this stage of the litigation, the shipper of the coal, USSM, is the only party against whom plaintiff has any claims. To his existing claims against USSM, plaintiff seeks leave to add a general maritime law survival claim for compensatory and punitive damages.

## ANALYSIS

In support of his motion to supplement his complaint, plaintiff cites to Federal Rule of Civil Procedure 15(a) which provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Plaintiff states that he seeks to add a general maritime law survival claim at this time in response to a letter obtained via discovery. That letter purports to be USSM interorganization correspondence of March 31, 1989. *See* Motion to Supplement Complaint (Mar. 29, 1993), Ex. 1. The letter states that ships carrying Pinnacle coal, which the M/V Berge Charlotte allegedly carried, should be warned to employ continuous ventilation to avoid dangerous methane accumulation. Plaintiff claims that Pereira's death in 1990 resulted from USSM's withholding of this information.

Defendant USSM's argument in opposition to plaintiff's motion proceeds in two steps. First, defendant asserts that plaintiff's exclusive remedy is a wrongful death action under the Death on the High Seas Act ("DOHSA"),

46 U.S.C.App. § 761, *et seq.* Second, defendants maintain that DOHSA limits damages to pecuniary damages. *See* 46 U.S.C.App. § 762. DOHSA does not, defendants contend, permit recovery of nonpecuniary losses or punitive damages.

■ Plaintiff does not assert that nonpecuniary or punitive damages are recoverable under DOHSA. Rather, plaintiff claims that it may supplement his DOHSA wrongful death claim with a general maritime law survival action. Indeed, this court, in an opinion affirmed by the Fourth Circuit, has recognized the existence of a general maritime law action for pain and suffering due to personal injury at sea which is not preempted by DOHSA. *See United States v. The S.S. Washington,* 172 F.Supp. 905, 908–09 (E.D.Va.), *aff'd, United States v. Texas Co.,* 272 F.2d 711 (4th Cir.1959). Because such an action did not survive in admiralty at the time *The S.S. Washington* was decided, this court relied on a state survival statute to "save" the action. 172 F.Supp. at 908. In *Greene v. Vantage S.S. Corp.,* 466 F.2d 159, 166 (4th Cir.1972), the Fourth Circuit identified the felony merger rule as the reason that recovery for pain and suffering under general maritime law had traditionally been denied when the injured party died of his injuries. The Fourth Circuit characterized the rule as an "archaic bar" which is now "outmoded" and no longer "controlling." *Id.* The *Greene* court thus concluded that recovery for a decedent's pain and suffering could be had under general maritime law. *Id.* at 167.

Taken together, *The S.S. Washington* and *Greene* decisions support plaintiff's contention that a DOHSA wrongful death claim may be supplemented by a general maritime law survival claim. Virtually all of the other federal courts which have directly addressed this issue appear to have reached the same conclusion. *See Graham v. Milky Way Barge, Inc.,* 824 F.2d 376, 386–87 (5th Cir. 1987) (holding "it is entirely appropriate that the courts should fill what would otherwise be a legislative void by allowing [a] general maritime law survival action ... to supplement DOHSA") (quoting *Azzopardi v. Ocean*

*Drilling & Exploration Co.,* 742 F.2d 890, 892–94 (5th Cir.1984)); *Barbe v. Drummond,* 507 F.2d 794, 799–800 (1st Cir.1974) (holding general maritime law survival action for pain and suffering exists and is not barred by DOHSA); *McAleer v. Smith,* 791 F.Supp. 923, 926–29 (D.R.I.1992) (holding "plaintiffs may supplement their DOHSA claims with general maritime survival claims"); *Favaloro v. S/S Golden Gate,* 687 F.Supp. 475, 479–80 (N.D.Cal.1987) (holding DOHSA does not preempt general maritime law survival actions); *Kuntz v. Windjammer "Barefoot" Cruises, Ltd.,* 573 F.Supp. 1277, 1283–1286 (W.D.Pa.1983) (holding "a survival claim based on general maritime law may be joined with a DOHSA claim for wrongful death"), *aff'd,* 738 F.2d 423 (3d Cir.), *cert. denied,* 469 U.S. 858, 105 S.Ct. 188, 83 L.Ed.2d 121 (1984); *cf. Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1092 (5th Cir.1988) (holding DOHSA does not preempt state survival statutes); *Solomon v. Warren,* 540 F.2d 777, 792 n. 20 (5th Cir.1976) (holding recovery under DOHSA does not foreclose recovery under state survival statutes) *cert. dismissed,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977). *But cf. In re Air Disaster Near Honolulu, Hawaii,* 792 F.Supp. 1541 (N.D.Cal.1990) (holding DOHSA preempts general maritime law survival action for nonpecuniary damages), *later proceeding,* 783 F.Supp. 1261 (N.D.Cal. 1992).

Although there is much authority for the proposition that a DOHSA wrongful death claim may be accompanied by a general maritime law survival claim, there is little authority for the proposition that punitive damages may be recovered in a general maritime law survival claim. The Fourth Circuit has refused to determine the threshold question of whether punitive damages are ever available under the general maritime law, but has observed that "they appear to be at least theoretically available." *See Furka v. Great Lakes Dredge & Dock Co.,* 755 F.2d 1085, 1091 (4th Cir.), *cert. denied,* 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985). Those courts which have considered the availability of punitive damages in the specific context of a general maritime law survival action have reached conflicting decisions. Some courts have held that punitive damages may be recovered in a general maritime law survival action. *See, e.g., Evich v. Morris,* 819 F.2d 256, 258 (9th Cir.), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987); *In re Complaint of Merry Shipping, Inc.,* 650 F.2d 622 (5th Cir.1981); *Favaloro v. S/S Golden Gate,* 687 F.Supp. 475, 480 (N.D.Cal.1987). More recently, however, those courts which have addressed the issue have generally held that punitive damages may not be recovered in a general maritime law survival action. *See, e.g., Ellison v. Messerschmitt–Bolkow–Blohm,* 807 F.Supp. 39, 41 (E.D.Tex.1992); *La Voie v. Kualoa Ranch & Activity Club, Inc.,* 797 F.Supp. 827, 829–831 (D.Haw.1992); *Rollins v. Peterson Builders, Inc.,* 761 F.Supp. 943, 950 (D.R.I.1991).

■ In short, plaintiff's motion to supplement his complaint to include a general maritime law survival claim is not well taken in regard to punitive damages. Plaintiff has presented no decisions from within this circuit authorizing punitive damages in a general maritime law survival claim. Moreover, the decisions from outside this circuit are both sharply divided and increasingly less receptive to recovery of punitive damages in a general maritime law survival action. Under these circumstances, this court is unwilling to create a right to recover punitive damages based on a general maritime law survival claim. The court concludes, therefore, that justice does not require that plaintiff be permitted to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to assert a claim for punitive damages which this court finds to be unfounded in American general maritime law. Indeed, the plaintiff has not presented any authority which would permit punitive damages under the general maritime law of Norway, either.

■ Plaintiff's motion to supplement his complaint by adding a general maritime law survival action for compensatory damages stands in a different light. Defendant would have this court disregard the considerable authority holding that a DOHSA wrongful death claim may be supplemented by a general maritime law survival claim for compensatory damages. Defendant relies principally on two United States Supreme Court deci-

sions: *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986), and *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). *Tallentire* holds that DOHSA preempts state statutory wrongful death actions, but explicitly reserves the issue of preemption of survival provisions. 477 U.S. at 215 n. 1, 231, 106 S.Ct. at 2490 n. 1, 2499. *Miles,* in relevant part, holds that a Jones Act seaman may not recover for loss of society or loss of future income in a general maritime law survival action—which the *Miles* court tacitly assumes exists [1]—because the Jones Act limits recovery to pecuniary losses suffered during decedent's lifetime. 498 U.S. at 29–37, 111 S.Ct. at 324–28. In short, neither *Tallentire* nor *Miles* hold that a DOHSA claim may not be joined with a general maritime law survival claim for compensatory damages.[2]

As discussed above, numerous decisions—both from courts within this circuit and from courts outside this circuit—support the conclusion that plaintiff may seek compensatory damages in a general maritime law survival action. Defendant has failed to identify any authority which would foreclose plaintiff from asserting a general maritime law survival claim for compensatory damages. As such, justice would appear to require that plaintiff be permitted to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include a general maritime law survival claim for compensatory damages.

### CONCLUSION

For the reasons stated above, this court GRANTS plaintiff's motion to supplement his complaint by adding a general maritime law survival claim for compensatory damages, but DENIES plaintiff's motion to supplement his complaint insofar as plaintiff seeks to assert a general maritime law survival claim for punitive damages.

1. The *Miles* court declined to address whether it "should follow the Courts of Appeals and recognize a general maritime survival right." 498 U.S. at 34, 111 S.Ct. at 327.

2. USSM does not contend that compensatory damages such as decedent's pain and suffering constitute nonpecuniary damages. Nevertheless,

The clerk is DIRECTED to send a copy of this order to counsel for plaintiff and counsel for the defendants/cross-claimants.

IT IS SO ORDERED.

in this regard, the court notes that the Fourth Circuit has characterized a decedent's pain and suffering as a pecuniary loss. *See Furka v. Great Lakes Dredge & Dock Co.,* 755 F.2d 1085, 1090 n. 7 (4th Cir.), *cert. denied,* 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985).