Billy Joe **BELL**

v.

**ZAPATA HAYNIE CORPORATION.**

Civ. A. No. 93–1675.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

June 22, 1994.

Gregory F. Tonore, Lafayette, LA, for plaintiff.

Lawrence Emerson Abbott, New Orleans, LA, for defendant.

### MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

On May 4, 1993, plaintiff allegedly injured his knee while aboard a purse boat assigned to the F/V CARL BURTON. Several months later, on September 27, 1993, plaintiff filed suit in federal court against Zapata Haynie Corporation, ("Zapata Haynie") his employer and owner pro hac vice of the vessel. Plaintiff asserted claims under the Jones Act and under General Maritime Law. Plaintiff seeks to recover $800,000 in damages as a result of his injuries. Moreover, plaintiff seeks $50,000 in punitive damages on account of the unseaworthiness of the F/V CARL BURTON and for the inadequacy of maintenance and cure benefits paid to complainant by Zapata Haynie. Presently before the court are two motions for partial summary judgment seeking dismissal of plaintiff's punitive damage claims for unseaworthiness and for failure to pay adequate maintenance and cure. We discuss each, in turn.

*Summary Judgment Principles*

Under Fed.R.Civ.P. 56(c), summary judgment is proper if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The summary judgment standard, "mirrors the standard for a directed verdict under Fed.Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

*Punitive Damages for Unseaworthiness*

In *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court held that non-pecuniary damages are not recoverable under General Maritime Law or the Jones Act.

Punitive damages, by their nature, are non-pecuniary. *Anderson v. Texaco, Inc.,* 797 F.Supp. 531, 534 (E.D.La.1992). In *Complaint of Merry Shipping, Inc.,* 650 F.2d 622 (5th Cir.1981), a pre-*Miles* decision, the Fifth Circuit held that punitive damages were recoverable for unseaworthiness under General Maritime Law. Several courts in the Eastern District, when faced with this same issue, concluded that the *Miles* decision effectively undermined the rationale of *Merry Shipping,* and consequently held that plaintiffs are not entitled to punitive damages under the Jones Act or General Maritime Law. *Guillory v. C.F. Bean Corp.,* 1994 WL 150738, 1994 U.S.Dist. LEXIS 4742 (E.D.La. April 12, 1994); *Ledet v. Power Offshore Services, Inc.,* 1994 WL 150805, 1994 U.S.Dist. LEXIS 4295 (E.D.La. April 6, 1994); *Poret v. Noble Drilling Corp.,* 1994 WL 150725, 1994 U.S.Dist. LEXIS 4297 (E.D.La. April 1, 1994); *Sullivan v. Crewboats, Inc.,* 1993 WL 541855, 1993 U.S.Dist. LEXIS 18161 (E.D.La. December 22, 1993); *Anderson v. Texaco, supra.; Rowan Companies v. Badeaux,* 1991 WL 175541 (E.D.La. August 28, 1991); *Odeco, Inc. v. Cornish,* 1991 WL 160400 (E.D.La. August 6, 1991); *Howard v. Atlantic Pacific Marine Corporation,* 1992 WL 55487 (E.D.La.1992); *Matter of Waterman Steamship Corp.,* 780 F.Supp. 1093 (E.D.La.1992); and *Brumfield v. Zapata,* 1991 WL 174818 (E.D.La.1991). Moreover, two courts of appeals have concluded that punitive damages are not recoverable in a General Maritime Law claim for unseaworthiness. *Miller v. American President Lines, Ltd.,* 989 F.2d 1450 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); *Wahlstrom v. Kamasaki Heavy Industries, Ltd.,* 4 F.3d 1084 (2nd Cir.1993).

Plaintiff, in his opposition, identified several cases which declined to extend *Miles* to preclude complainants from recovering punitive damages under General Maritime Law: *Davis v. Penrod Drilling Corporation,* 1991 WL 264541 (E.D.La.1991); *Hannon v. Waterman Steamship Corporation,* 1991 WL 88012, 1991 U.S.Dist. LEXIS 6823 (E.D.La. 1991); *Duplantis v. Texaco, Inc.,* 771 F.Supp. 787 (E.D.La.1991).

We have fully considered the bases for, and the rationale underlying both series of holdings. We conclude that the former line of cases holding that punitive damages are not recoverable under the Jones Act or Maritime Law is the most consistent approach under *Miles* and its progeny. In so holding, we join the vast majority of courts who have grappled with this question. Accordingly, for reasons more specifically discussed in *Anderson, supra* (and other similarly decided cases), defendant's motion for partial summary judgment, dismissing plaintiff's punitive damage claim for unseaworthiness under the General Maritime Law is GRANTED.

*Punitive Damages Claims for Failure to Pay Adequate Maintenance and Cure*

When a seaman becomes injured while performing his duties on a ship, the shipowner is obligated to pay maintenance and cure, regardless of whether the shipowner was at fault or the ship unseaworthy. *Morales v. Garijak, Inc.,* 829 F.2d 1355, 1358 n. 1 (5th Cir.1987) (citation omitted). In this case, Zapata Haynie has paid, and continues to cover the costs of plaintiff's medical treatment. Defendant is further providing plaintiff $15.00 per day in maintenance. Plaintiff, however, seeks $40.00 per day in maintenance payments.[1] Moreover, plaintiff contends that Zapata Haynie's failure to pay a reasonable amount for maintenance is willful and arbitrary, and subjects defendant to punitive damage liability.[2] Defendant cites *Harper,* in support of its argument that plaintiff is not entitled to punitive damages for his subjective belief that the maintenance payments are inadequate. Yet, one sentence in *Harper* refutes defendant's contention: "We think that shipowners who pay a grossly inadequate amount of maintenance in callous disregard of the seaman's rights should not be shielded from punitive damages." *Harper,* 741 F.2d at 90. Whether or not $15.00 is grossly inadequate is a question which we leave open for the time being. It will be carried with the case. Defendant's motion for partial summary judgment seeking dis-

missal of plaintiff's punitive damages claims for inadequate maintenance and cure is DENIED.

THUS DONE AND SIGNED.

---

1. See ¶ 15 .of petition.

2. Punitive damages are available under General Maritime Law for the willful and arbitrary refusal to pay maintenance. *Harper v. Zapata Off–* *Shore Company,* 741 F.2d 87, 88 (5th Cir.1984); *Holmes v. J. Ray McDermott and Company,* 734 F.2d 1110, 1118 (5th Cir.1984).